NOTE.   See Chitty on Bills, 258, 359.

---

## LANDRUM v. BROOKSHIRE, executor, &c.

1. The possession of a note made to be discounted in bank, by the security, is not sufficient evidence *per se*, to sustain an action against the principal.
2. To support a common count, it is necessary to prove every thing which it would be necessary to aver, if the count was special.

THIS was an action of assumpsit, brought by Brookshire, executor of Branson, in Clarke Circuit Court, against Landrum, on a note, of which the following is a copy:

$200.   Ninety days after date, we, Jesse Landrum as principal, and John D. Lowry and N. Branson as secu-

rities, promise jointly and severally, to pay to the President, Directors and Company of the Tombeckbe Bank, or order, two hundred dollars, payable and negotiable at said Bank, for value received, this 7th May, 1819.

JULY 1827.

Landrum
v.
Brookshire.

J. B. LANDRUM, Seal.

J. D. LOWRY,     Seal.

N. BRANSON,     Seal.

The plaintiff filed a declaration containing the common money counts, and the defendant pleaded the general issue. A trial was had at March term, 1826, and a verdict found for the plaintiff. The defendant took a bill of exceptions, the matter of which was assigned for error.

A. B. Cooper, for plaintiff.

Goode, for defendant in error.

JUDGE GAYLE delivered the opinion of the Court.

The declaration in this case contains only the common money counts. In support of the action, the defendant in error produced the note, which was the only evidence offered. It was objected to by the plaintiff in error, but the Court decided that the note being in possession of the security or his administrator, it was *prima facie* evidence it had been paid by him. This decision is now assigned as error in this Court. It is the opinion of the Court, that the defendant should not have been put on his proof till it was shewn that the note had been delivered to the payees, and was *bona fide* their property. It is probable that it was offered to obtain a discount in the bank; and if so, the plaintiff in the action was bound to prove it was accepted and discounted, for otherwise it imposed no liability on the makers. There are so many ways by which the note might have come to the hands of the security, even before it was offered for discount, that it would be dangerous to permit a recovery on this kind of evidence. It may be laid down as a general rule, that whatever is necessary to be alleged in a special count, must be proved to support a common count for the same cause of action. If a declaration had been framed on the special circumstances of this case, the allegations that the note had been accepted by the payees, and paid by the security, would have been indispensable. It is unnecessary to notice the other assignment of error. The cause must be reversed and remanded.

Judge Crenshaw dissenting.

Chief Justice Lipscomb not sitting.