## WILKINS *v.* WORTHEN.

### Opinion delivered May 16, 1896.

STATUTE OF LIMITATION—STOCK SUBSCRIPTION.—The right of a creditor of a defunct corporation to sue a stockholder upon his unpaid stock subscription accrues at least so soon as an execution on a judgment against such corporation is returned *nulla bona*, and will be barred unless commenced within five years after such right accrued.

SAME—WHEN ACTION COMMENCED.—The filing of a complaint and making out of a summons against a resident of another state, to be served there, is not the commencement of an action to obtain a personal judgment, so as to prevent the running of the statute of limitations, under Sand. & H. Dig., sec. 5657, providing that a civil action is commenced by filing a complaint in the proper court, and causing a summons to be issued thereon. The summons must be delivered to the sheriff, or to some one else for him, with the intent and purpose of having it served by the sheriff.

Appeal from Jefferson Chancery Court.

JAMES F. ROBINSON, Chancellor.

#### STATEMENT BY THE COURT.

In the year 1879, the Memphis & Great Southwestern Railway Company was incorporated under the laws of this state. Afterwards J. B. Bowman subscribed for 16,670 shares of the capital stock of said company, of $100 each. The company did nothing but organize and make a preliminary survey. The last meeting of the stockholders was held in 1880, and all attempts at carrying on the operations of the company were soon thereafter abandoned. The company owned no property except the subscriptions for its stock, not more than five per cent. of which was paid. On Nov. 16th, 1882, the appellants, Wilkins & Bro., recovered judgment in the Jefferson circuit court against the company for $1,725.77. On this judgment an execution was issued Jan. 27, 1883, and returned *nulla bona* March

27, 1883. On March 29, 1883, Wilkins & Bro. filed a complaint in equity in the Jefferson circuit court against Bowman and other subscribers to stock of the company, to compel them to pay a *pro rata* share of their respective subscriptions, sufficient to satisfy this judgment. Upon this complaint a summons was issued for certain of the defendants, who were residents of this state, and it was served upon some of them, in Jefferson county. Bowman was at the time a resident of Lexington, Kentucky, and the following summons was made out by the clerk of the Jefferson circuit court, for service upon him in Kentucky:

"In the Jefferson circuit court, in equity. State of Arkansas, County of Jefferson. The State of Arkansas to J. B. Bowman, of Fayette county, Kentucky,—Greeting : You are hereby warned to appear in the circuit court of Jefferson county, Arkansas, within sixty days after the service upon you of this writ, and answer the complaint in equity, a copy whereof is hereto attached, which has been filed in said court against you and others by V. D. Wilkins and E. T. Wilkins, as partners under the name and style of Wilkins & Bro.; and you are warned that, upon your failure to answer, said complaint will be taken for confessed as to you.

Given under my hand and the seal of said court, at my office, in the city of Pine Bluff, county of Jefferson, state of Arkansas, on this 29th day of March, A. D., 1893.                    Ferd. Havis, Clerk.

R. H. Stanford, D. C.   [Seal]."

Here followed a certified copy of the complaint and interrogatories. This summons was not delivered to the sheriff, but was sent to Kentucky by said clerk, and there, on December 3, 1883, it was served on Bowman, with a copy of the complaint attached.

No other summons was issued for Bowman, and no further steps were taken against the other defendants,

until after Bowman's death.    Bowman died in 1891, leaving property in Pulaski county; and W. B. Worthen was appointed administrator of his estate with the will annexed, by the Pulaski probate court.    The plaintiffs, on May 19, 1892, amended their complaint, and alleged the death of Bowman, and that Worthen was administrator of his estate.    A summons was then issued on this amended complaint, and served on Worthen.    Worthen pleaded the statute of limitations, and that the claim was barred by laches.    On the hearing the chancellor sustained the plea, and dismissed the complaint, for want of equity.

*W. P. & A. B. Grace*, for appellants.

1.    The suit was brought against Bowman in due time, and was pending at the time of his death.    Service was had on Bowman in his lifetime, by a literal compliance with Sand. & H. Dig., secs. 5677-8.    It is true, no personal judgment could be rendered on such service, but it would be effective in ejectment, attachment, bill to quiet title, etc.; and, if valid for any purpose, it was not *void*.    A civil suit is *commenced* when the complaint is filed and the *writ issued*, regardless of how the writ is served.    Sand. & H. Dig., sec. 5657; 57 Ark. 459.    The writ was not void because it was not directed to any sheriff.    As the courts have no extra-territorial jurisdiction, it could not be directed to any officer out of the state, and hence could only be directed to the non-resident defendant.    Const. art. 7, sec. 49, Sand. & H. Dig., secs. 5992, 5658, 5677.    The requirements as to the form and substance of writs are only *directory*.    12 Ark. 535; 13 *id*. 415; 10 *id*. 579; 11 *id*. 750.    A voidable writ may be used as evidence of the commencement of a suit within the period of limitation.    11 Ark. 750; 13 *id*. 36; 11 *id*. 334; 17 *id*. 543-5.    These defective writs may be amended, 13 Ark. 415; 19 *id*. 252; 22 *id*. 364; 25 *id*.

97; 32 *id.* 278; 32 *id.* 409; 34 *id.* 683; 48 *id.* 33; 14 *id.* 59; 44 *id.* 410. The only office of a summons is notice. 84 N. C. 496; 45 *id.* 36. See also 45 Ark. 36; 47 *id.* 377; 50 *id.* 115; 49 *id.* 251. In the light of these authorities, even if the writ was imperfect and void, its issuance was the commencement of a suit, and would stop the statute of limitations. The course pursued was the same in substance as that prescribed by sec. 5927, Digest; the admistrator appeared, and a mere error in form of procedure is immaterial. 84 Ark. 33.

2. This action being in equity, and of exclusively equitable cognizance, only laches of appellants would operate as a bar, and to this charge the absence of Bowman from the state furnishes a complete answer. Sand. & H. Dig., ch. 100, p. 1104; 16 Ark. 124; 46 *id.* 25; 55 *id.* 85; 94 U. S. 811; 31 Ark. 275; 58 *id.* 91; 28 *id.* 506; *Ib.* 115; 29 *id.* 245; 33 *id.* 470; 2 Sim. 398; 13 Am. & Eng. Enc. Law, 676-7-8-9, etc., and notes. Absence from the state is a good plea against the statute of limitations. 13 Am. & Eng. Enc. Law, pp. 742-3-4 and notes; Wood, Lim., sec. 244; Sand. & H. Dig., sec. 4846; 47 Ark. 170; 24 *id.* 556; Wood, Lim., sec. 6, pp. 11-14, n. 4; 12 Mich. 202.

3. The cause of action is based on a judgment, and this suit was brought within ten years. Sand. & H. Dig., sec. 4831; 23 Ark. 169.

*Ratcliffe & Fletcher*, for appellee, Bowman's administrator.

1. The motion to quash the summons against the administrator of Bowman should have been sustained. If there had been a case against Bowman at the time of his death, it should have been revived. Sand. & H. Dig., sec. 5925 *et seq.;* 48 Ark. 33; 19 Ark. 491; 39 *id.* 64; Sand. & H. Dig., sec. 5698.

2. There was no cause of action against Bowman. Bowman's subscription was conditional, and the condition was never performed. 54 Ark. 316.

3. The action is barred. No suit was ever instituted against Bowman in his life time. Sand. & H. Dig., sec. 5657. The summons must be directed to the sheriff. *Ib.* sec. 5668. The mere signing and sealing is not sufficient. It must be delivered to the plaintiff for the purpose of being delivered to the sheriff for service. 8 Ark. 316–318; 10 *id.* 479; 16 R. I. 266; 15 Atl. 69; 18 N. E. 384; 116 Ind. 35. It is conceded that Sand. & H. Dig., sec. 5678, would not authorize a personal judgment, but it is claimed it would be effective in cases of attachment. But this is not that kind of a case. The notice was simply intended as a warning order, and could *never* give jurisdiction of the person. It is worthless, except in a proceeding *in rem.* 95 U. S. 714; 36 Fed. 154; 144 U. S. 41-47; 54 Ark. 137. There was no allegation that Bowman was a non-resident. The burden was on plaintiffs to show that process was sued out within the period prescribed by the statute of limitations. 27 Ark. 344; 47 *id.* 125. The statutes of limitation apply in equity as well as at law. 47 Ark. 313; 39 *id.* 158; 58 *id.* 95; 61 Ark. 527. This was not a suit upon a judgment against Bowman. But Bowman's liability, if any, was upon his contract of subscription for stock. The company being insolvent, and having ceased operations, the complaint was a creditor's bill against the stockholders for the amount due on subscriptions to stock. 101 U. S. 885; 92 U. S. 156; 32 Pa. St. 22. The fact that Bowman was a non-resident did not stop the statute. There are no exceptions in the statute, and the courts can make none. 53 Ark. 418; 59 *id.* 244; Sand. & H. Dig., 4834.

4. Plaintiffs are barred by laches. 46 Ark. 25; 55 *id.* 86; 21 Wall. 178; 2 Wall. 95.

When right of action accrues on stock subscription. RIDDICK, J., (after stating the facts). The only question we need consider is whether the action against Bowman is barred by laches and the statutes of limitation. At the time Wilkins & Bro. recovered judgment against the Memphis & Great Southwestern Railway Company, it owned no property excepting the amounts due from subscribers to its stock, had suspended operations of all kind, and ceased to be a going concern. The right of action against Bowman and other subscribers to the stock of said company accrued in favor of Wilkins & Bro. at least so soon as their execution was returned *nulla bona*, which was on the 27th of March, 1883. *Marsh* v. *Burroughs*, 1 Woods (U. S.), 468; *Thompson* v. *Reno Savings Bank*, 3 Am. St. Rep. 804, and note; 3 Thompson, Corporations, sec. 3371. This was not an action upon a judgment, for there was no judgment against the stockholders, but an action upon the written contract of subscription to take and pay for the stock of said company. This action would be barred unless commenced within five years after it accrued against the stockholders of a company which had disbanded and permanently ceased operations. *Curry* v. *Woodward*, 53 Ala. 376; *Payne* v. *Bullard*, 23 Miss. 88; Thompson's Liability of Stockholders, secs. 290, 291.

When a cause of action is commenced. The right of action accrued in 1883, and the summons was not issued against Worthen until 1892, and the action is barred unless the making out and serving the summons upon Bowman, in Kentucky, was a commencement of an action, within the meaning of our statute. The statute provides that "a civil action is commenced by filing in the office of the proper court a complaint and causing a summons to be issued thereon." Sand. & H. Dig., sec. 5657. But the mere signing and sealing a summons by the clerk is not sufficient. It must be delivered to the sheriff, or to some one for him, and with the intention and purpose of placing it in the

hands of the sheriff to be served. *McClarren* v. *Thurman*, 8 Ark. 316–318; *State Bank* v. *Cason*, 10 *id.* 479; *Hallum* v. *Dickinson*, 47 *id.* 125. In this case the writ was not directed or delivered to the sheriff, nor was there any intention to deliver it to him. The object in filing the complaint was to obtain a personal judgment against Bowman, which required either an appearance on his part, or the service of a summons by an officer of this state; yet no summons was directed or delivered to an officer of the state. We are therefore of the opinion that an action was not commenced against Bowman, within the meaning of our statute.

It is true that, when property is attached, a nonresident defendant may be constructively summoned by delivering him a copy of the summons with the complaint attached, but no personal judgment can be rendered on such summons. Sand. & H. Dig., sec. 5887. *Ford* v. *Adams*, 54 Ark. 137. No property was seized, or intended to be seized, in this case, and the constructive summons had nothing to rest upon, and was without effect.

It was well known to plaintiffs that Bowman was a resident of Lexington, Kentucky; and, if they desired a personal judgment, the way was open by a suit in that state. We conclude that the chancellor was right in holding that, after a delay of nine years, the appellants were barred by laches and the statute of limitations. The decree is affirmed.