## SUPREME LODGE OF HERALDS OF LIBERTY v. HERROD.

No. 2910.   Opinion Filed May 12, 1914.

Rehearing Denied June 16, 1914.

(141 Pac. 269.)

1.  **INSURANCE—Contract Limitation—''Commencement of Action.''**
Under the law in force in Indian Territory, prior to statehood
(Mansf. Dig. 1884), the filing of a suit in the proper court, and
causing a summons to be issued thereon, directed to the United
States marshal, with the intention of having it served on de-
fendant if found, was ''the commencement of an action.''

2.  **SAME—Action for Benefits—Foreign Corporation—Jurisdiction—
Service of Process.** A life insurance company, a foreign corpora-
tion, issued a policy July 20, 1906, in Indian Territory, and a
cause of action arose on it and suit was brought in the United
States Court of Indian Territory. At the time it issued the
policy, it was doing business and had appointed an agent in
Oklahoma Territory, and continued its business therein until the
two territories were merged into the state of Oklahoma. After
statehood it appointed, as provided by law, the Insurance Com-
missioner of the state of Oklahoma as its agent for the service
of process. Upon the organization of the state the suit was
transferred by operation of law, to the state district court. An
alias summons was issued and served on the Insurance Commis-
sioner as provided by law. Held, that the summons and service
brought the defendant into court and gave the court jurisdic-
tion, notwithstanding the fact that the policy was executed in
Indian Territory and suit brought thereon prior to statehood.

3.  **SAME—Service of Alias Summons—Effect.** Where a defendant
corporation has been properly brought into court by the service
of a summons on its admitted agent for service of process, the
fact that afterwards, out of an abundance of caution, an alias
summons is issued and served upon a person not its agent does
not destroy the force and efficiency of the previous valid and
sufficient summons and service.

(Syllabus by Brewer, C.)

*Error from District Court, Garvin County;*
*W. B. M. Mitchell, Judge.*

Action by Lizzie T. Herrod against the Supreme Lodge of
Heralds of Liberty, a corporation. Judgment for plaintiff, and
defendant brings error. Affirmed.

*W. F. Wilson* and *John Tomerlin,* for plaintiff in error.

*Carr & Field,* for defendant in error.

Opinion by BREWER, C. The defendant in error, Lizzie Herrod, was awarded judgment against the plaintiff in error on a contract of insurance in the sum of $2,000 and interest. This suit was originally brought in the United States Court for the Southern District of Indian Territory at Pauls Valley, and, being pending and undisposed of at the time of statehood, was transferred by operation of law to the district court of Garvin county, wherein it was tried with the results stated above.

Two questions are presented on this appeal: First, that the cause of action was barred by contractual limitation; second, that the court erred in overruling the motion to quash summons.

The contracts of insurance sued on contain a provision that the beneficiary may bring suit thereon in case of the death of the insured within one year after the cause of action accrues, and not thereafter. The insured in this case died on August 11, 1906. On July 29, 1907, this suit was instituted by filing a complaint in the United States court and causing a summons in the usual form to issue. The contention of plaintiff in error is that this was not a sufficient commencement of the action within the time named in the contract; and it bases this contention upon the fact that the original summons, bearing date of July 29, 1907, did not upon its face show a return of the United States marshal, or in fact that it had been placed in his hands for service. There was considerable oral testimony taken, together with notations on the clerk's docket on this subject. The court made a special finding of fact that the suit was in fact commenced on the date it was filed, and therefore was brought within the terms and provisions of the contract of insurance sued on. So it will be seen that this point depends upon whether or not this suit was commenced in proper time, and this must be determined by the law of Arkansas on this subject in force in Indian Territory at that time.

Mansfield's Dig. of the Laws of Arkansas of 1884, sec. 4967, reads as follows:

"A civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon."

Section 4968, Mansf. Dig., provides that the summons shall be signed by the clerk and dated as of the day it is issued. Section 4973, Mansf. Dig., provides that the summons and copies shall be delivered to the sheriff or other officer authorized to execute it.

Section 4974 provides that the sheriff shall attend in person or by deputy at the clerk's office daily to receive process that may be issued, and that the clerk shall deliver to him any process remaining in his office.

The clerk's fee book in this case shows that on the date the summons was issued a clerk's fee of 25 cents was entered up to pay for the filing of a return by the marshal, and the same was paid by the plaintiff. The insurance company was a foreign corporation, and had no agent in that county, it seems, upon whom summons could be served; hence this summons was not served, nor a return made thereon. Under all the proof, however, there is no doubt but that the action was commenced at that time in good faith, and that a summons was caused to be issued by the plaintiff, with the intention of having the defendant brought into court thereunder if possible. We think the trial court was unquestionably right, and that this case was brought within the period named in the contract. This view is sustained by many decisions of the Supreme Court of Arkansas, rendered by that court prior to the bringing over of the laws of Arkansas and putting them in force in Indian Territory. Such decisions were binding on the courts of Indian Territory, both trial and appellate, and are controlling on this court in this case.

In *McLarren v. Thurman*, 8 Ark. 314, it is said:

"An action is commenced, under our statute, by filing a declaration, and a voluntary appearance of the defendant; or by filing a declaration and suing out a writ of summons."

In the body of the opinion in that case the court says:

"We do not intend to say that an actual delivery of the writ to the officer is necessary for the commencement of the action, but admit that if the plaintiff should file his declaration, and should receive the writ himself, with the intention of delivering it to the officer, it would be sufficient."

The same rule is announced in the following cases: *Bank v. Cason et al.,* 10 Ark. 479; *Bank v. Brown,* 12 Ark. 94; *McNeil v. Garland,* 27 Ark. 343; *Hallum v. Dickenson,* 47 Ark. 125, 14 S. W. 477.

Counsel for plaintiff in error, however, rely upon a later case than either of those cited, same being *Wilkins et al. v. Worthen et al.,* 62 Ark. 401, 36 S. W. 21, in which the rule announced in the earlier cases seems to have been somewhat modified, in that the summons must not only be issued, but must be delivered to the sheriff, or to some one for him, with the intent and purpose of having it served. This case cites the earlier cases as authority and without comment, and, even if it were a controlling decision, which it is not, we believe that this record shows, as has been heretofore suggested, that the summons was caused to be issued in good faith for the purpose of actual service, and that the plaintiff relied upon the clerk to perform his duty under the law and deliver the same to the marshal for that purpose. But, as has been suggested, while all the earlier cases cited herein are binding authority in the decision of this case, the case of *Wilkins v. Worthen, supra,* having been decided May 16, 1896, a date subsequent to the bringing over of the Arkansas laws, is not controlling authority. Therefore the point that the suit was brought too late under the terms of the contract cannot be sustained.

2. We will next consider whether or not the defendant was in court through the service of sufficient process. On September 19, 1909, a summons was served on the State Insurance Commissioner. This summons and service were quashed November 1, 1909, upon the motion and at the instance of defendant. On November 1, 1909, an alias summons was issued, which on November 6, 1909, was served upon the Insurance Commissioner. On December 5, 1909, the defendant, by special appearance,

moved to quash this last-named summons. While this motion to quash was pending another alias summons was issued on January 31, 1910, and on February 1, 1910, the same was served on J. G. Long, who was alleged to be "Grand Deputy of Supreme Lodge Heralds of Liberty." Later a separate appearance and motion to quash the summons served on Long was filed, and, so far as we can tell from the record, both of the motions to quash were overruled by the court on March 25, 1910, and thereafter the defendant answered to the merits of the case and went to trial, reserving, however, its exceptions to the action of the court in overruling the motions to quash. This action of the court is the second point we are called upon to review.

In considering this matter, we shall let the question of the summons upon J. G. Long, and the motion to quash it, pass out of the case; for, if the summons dated November 1, 1909, and later served on the Insurance Commissioner for the state of Oklahoma, was sufficient and brought the defendant into court, then the summons on Long has no importance. In the motion to quash the summons served upon the Insurance Commissioner, it is admitted that prior to the issuance of the policy in this case the defendant was doing business in Oklahoma Territory in compliance with the law. The policy sued on herein, dated July 20, 1906, shows that it was, at that time, writing insurance in Indian Territory. It continued to do business in the territory of Oklahoma until both Indian and Oklahoma Territories were organized into the state of Oklahoma on November 16, 1907. That since statehood, and up to the time of filing the motion, defendant had been authorized to, and was at the time of the filing of the motion, authorized to transact business in the state of Oklahoma, and that, quoting from the motion:

"The Insurance Commissioner of the state of Oklahoma is now, and has been ever since the conferring of statehood upon the people of the state of Oklahoma, the duly authorized agent for the purpose of legal service of legal process upon said defendant," etc.

Under these admissions of the motion to quash it is somewhat difficult to see upon just what grounds the defendant complains that the summons served upon its admitted agent should

be quashed, but, as we gather from the meager argument upon this point in the briefs, it is because of the fact that at the time the contract was written in Indian Territory it had no agent there upon whom process might be served; but just how this contention, if true, could operate to defeat service upon its agent for the whole state of Oklahoma at a time when Indian Territory was part of that state, on a claim it was owing at the time of statehood, is hard to perceive, and no authorities are cited to sustain the point, and we hold that it is not well taken.

But the defendant makes the further point that, even if the service on the Insurance Commissioner was good at the time, it was waived and lost its force when the plaintiff sued out the second alias summons and had it served on the man Long. It is said in the defendant's brief on this point:

"Now the further attempted service upon the Insurance Commissioner of the state of Oklahoma has, in our opinion, been waived by the plaintiff for that, pending this service and the motion to quash the same, the plaintiff caused an alias summons to issue and be served upon Long. This is certainly an act on the part of the plaintiff hostile to the previous service upon the Insurance Commissioner of the state of Oklahoma. The courts will not permit the plaintiff to speculate in this manner with the courts. She is attempting, and the lower court by its order has held the defendant to answer upon one or the other, or both of these summonses, which it is impossible to tell."

But no authorities are cited to sustain this contention, and its reasoning does not appeal to us.

If the defendant was in court, and had been properly brought there, as we think it had been, it certainly ought not to complain if, out of an abundance of caution, plaintiff's counsel gave it still a further notice. We can see where defendant has the right to complain if it does not get sufficient notice, but we do not think it has the right to legally complain because it receives too much notice. This leads us to hold that the summons served on the Insurance Commissioner on November 6, 1909, brought the defendant into court and gave the court jurisdiction, and that, as it does not complain of any other irregularities in the proceedings, or imperfections in the judgment, the cause should in all things be affirmed.

By the Court: It is so ordered.