NELSON *v.* ECKERT.

5-1973                                                    329 S. W. 2d 426

Opinion delivered December 7, 1959.

*Rhine & Rhine, L. B. Smead,* for appellant.

*Frierson, Walker & Snellgrove,* for appellee.

PAUL WARD, Associate Justice. This appeal presents two principal questions growing out of an automobile collision which resulted in the death of all parties here concerned. One, what statute of limitation applies and two, does the right of action survive?

Carlos Levone Nelson, a resident of Greene County, Arkansas, and Charles Crumpler, a resident of Columbia County, Arkansas, were acquaintances in the Army, stationed at Fort Hood, Texas, awaiting discharge. Charles, who was discharged first and had returned to his home, borrowed his mother's car, went to Greene County, and picked up the parents of Carlos (Fred and Myrtle Nelson) and then proceeded to Fort Hood to pick up Carlos who was at that time in the process of being discharged. On the way back to Arkansas and while they were still in Texas Charles' car was wrecked and all the occupants above mentioned were killed. The wreck occurred on July 1, 1954.

On June 11, 1956, Hobert Nelson, as the Administrator of the estates of Fred Nelson, Myrtle Nelson, and Carlos Nelson, filed a Complaint in the Greene County Circuit Court where the Nelsons all lived against W. C. Eckert, the Administrator and personal representative of the estate of Charles Crumpler. In this Complaint it was alleged, among other things, in substance that the Nelsons paid a consideration to Charles to safely transport them to Texas and then to transport them and Carlos from Texas to Arkansas; that Charles was guilty of willful and wanton negligence in driving too fast and in trying to pass another car, which negligence resulted in wrecking his car and killing said occupants; and that the estate of each deceased was entitled to recover

$50,000.00 from the defendant. To the above Complaint the defendant (appellee here) filed a motion to dismiss on the grounds of lack of jurisdiction and venue.

On August 13, 1956, the Court sustained the Motion and made an Order dismissing the Complaint, stating in the Order that the plaintiff had confessed the Motion. On January 17, 1957 (within one year after the filing of the Greene County Complaint but more than two years after the accident) appellant filed a Complaint in Columbia County, Arkansas, and secured service on appellee. This Complaint was essentially the same as the one filed in Greene County except that it contained the following paragraph: "That this suit was filed in the Circuit Court of Greene County on June 11, 1956; summons issued on the same and served on the defendant and a non-suit taken on said suit on the 13th day of August 1956".

To the above last mentioned Complaint appellee filed a demurrer on the grounds that the Complaint did not state facts sufficient to constitute a cause of action, and that the Complaint shows upon its face this cause of action is barred by the statutes of limitations. Thereafter appellant filed two amendments to the Complaint, one asking for punitive damages and the other attaching the pleadings and order in the Greene County case as exhibits. After each amendment appellee offered the same demurrer except that the last one contained this additional ground, to-wit: "The Complaint as amended and exhibits show upon their face that this cause of action abated upon the death of Charles Crumpler". On February 23, 1959, the trial court sustained appellee's demurrer and dismissed plaintiff's cause of action without specifying the basis or reasons for its action.

*One.* Under the view which we have adopted it is unnecessary to consider appellee's contention that the Greene County Order of dismissal was in fact a nonsuit, that the statute of limitations was not thereby tolled, that the Greene County action was ineffective to toll the statute, and that, therefore, no suit had been filed by appellant within the statutory period of limitations.

These contentions of appellee are based upon the assumption that the applicable statute in this situation is the Arkansas two-year statute of limitations. In this assumption we think appellee is in error.

It is agreed by all parties that since the accident happened and the Nelsons were all killed in Texas, any cause of action which appellant has in this instance accrues by virtue of the substantive laws of Texas. It is further shown and agreed that the law of Texas provides a cause of action in favor of the estate of anyone who is wrongfully killed in that State. The Legislature of this State passed Act No. 53 in 1883, Section 1 of which is now Ark. Stats. Section 27-903 and Section 2 of said Act No. 53 is now Ark. Stats. Section 27-904. Section 27-903 for the first time provided for a cause of action in a wrongful death case in favor of the estate of a person who was killed. Section 27-904 provides, among other things, that every such action shall be commenced within two years. Thus, it is seen that the same Act which creates the cause of action in this State also contains the statute of limitations. This is known in judicial parlance as a built-in statute of limitations. Since the present cause of action does not arise under Section 27-903 it must follow that Section 27-904—the two-year limitation portion—likewise cannot apply. With one exception to be noted later it is well settled that in an action of this kind the statute of limitations of the forum (that is the State in which the cause of action is tried) controls. In fact both parties agree that the Texas statute of limitations is not applicable here. It is appellant's contention that the three-years limitation provided for in Ark. Stats. Section 37-206 is applicable in this case. Without deciding whether it is or not, we do hold that, if it does not apply, then the five-years limitation found in Ark. Stats. Section 37-213 will govern. The exception mentioned above is where the statute of a foreign State in which the cause of action arose has a built-in statute of limitations, then such statute of limitations would apply.

In the case under consideration it is admitted that the Texas statute under which this action is brought has no such built-in statute of limitations. Therefore, it must follow from what we have said above that the Arkansas statute of limitations is applicable in this case. This being true we can dismiss from further consideration the first action brought in Greene County as well as the dismissal order based thereon, because the action in Columbia County was filed within less than three years after the Nelsons were killed in the State of Texas at which time the cause of action first arose. It also follows that if the court's action in dismissing appellant's Complaint in its Order of February 23, 1959, was based on the ground that it was barred by the statute of limitations, the court was in error.

*Two.* Neither can we agree with appellee's contention that the cause of action abated with the death of Charles Crumpler. It is agreed that under the laws of Texas the cause of action does survive, but appellee's contention is based on the fact (conceded to be true) that under the laws of this State (as of the date of the fatal accident) it does not survive. This presents an interesting question in conflict of laws.

The question is a novel one so far as the decisions of this Court are concerned. However we find the weight of authority expressed in other jurisdictions and found in the text writers supports our conclusion that the cause of action does survive in this instance, and we feel that reason and justice support this view. We know of no law or expression of public policy of this State which forbids a survival. Since the laws of Texas which create the cause of action in the first place are conceded to be substantive laws or laws of right as opposed to procedural, then it seems that the laws of the same State which keep the cause of action alive should also be considered as substantive, and if so they would govern in this instance. In Leflar's first work on Conflict of Laws, Section 79 at Page 191 we find this statement: ''The general rule is well settled that the state which creates a cause of action can also destroy it, therefore,

if by the law of the place of injury there is no survival, the death of the tortfeasor terminates the cause of action everywhere. By the same token, if by the law governing the tort the cause of action does survive the tortfeasor's death, his death should nowhere be a ground for refusal to entertain suit''. In connection with the above statement Dr. Leflar cites and is supported by *Chubbuck* v. *Holloway*, 182 Minn. 225, 234 N. W. 314. **In the cited** case the Court, among other things, said: ''Had plaintiff's facts originated in Minnesota, they would not have been sufficient to constitute a cause of action, for the simple reason that such cause of action dies with the death of the wrongdoer. But, the accident having occurred in Wisconsin, the statute of that state gives the plaintiff the right to sue the representative of the estate of the wrongdoer and recover''. In Restatement of the Law on Conflict of Laws, Page 477, Section 390, Survival of Actions, this statement is made: ''Whether a claim for damages for a tort survives the death of the tortfeasor or of the injured person is determined by the law of the place of wrong''.

We are not swayed from the above view by appellee's excellent brief and the authorities therein which we have carefully examined. Appellee appears to believe that Dr. Leflar may have receded from his position expressed above, calling attention to his recent book on Conflict of Laws, Section 114, Page 221. We have examined this section and find no substantiation for this belief. This section, among other things, states: ''In terms of substantive, or vested rights, it seems that the state which creates a cause of action can also destroy it, therefore, if by the law of the place of injury there is no survival, the death of the tortfeasor would terminate the cause of action everywhere. That result has been reached in the majority of cases. By the same token, if by the law governing the tort the cause of action does survive the tortfeasor's death, his death should nowhere be a ground for refusal to entertain suit''.

Appellee emphasizes two decisions from the State of New York which he thinks hold contrary to appellant's

position. These cases are *Taynton* v. *Vollmer,* 242 App. Div. 854, 275 N. Y. S. 284, and *Herzog* v. *Stern,* 264 N. Y. 379, 191 N. E. 23. The later case is, we think, distinguishable from the one under consideration by virtue of the special New York Statute with which the Court was there dealing. The other case was based on the decision in the Herzog case and should be likewise construed.

It is our conclusion therefore that the trial court's Order, dismissing appellant's Complaint, was erroneous and the same is accordingly reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed.

CARLETON HARRIS, C. J., and ED. F. McFADDIN, J., dissent.

ED F. McFADDIN, Associate Justice, dissenting. I respectfully dissent from the majority opinion because I think the cause of action is governed by the 2-year Statute of Limitations both of Texas and Arkansas; and also because I think the Arkansas Nonsuit Statute does not save the plaintiff against the plea of limitations.

I. *Limitations.* The traffic mishap occurred in the State of Texas on July 1, 1954, and the present suit was not filed in Ouachita County, Arkansas until January 17, 1957. So there was a time lapse of two years, six months, and sixteen days from the traffic mishap until the filing of the present suit in Ouachita County, Arkansas. This fact appeared on the face of the pleadings, so a demurrer was proper to raise the plea of limitations.

It is true that the Texas Statute does not have a "built in" limitations period; yet the Texas Statute was enacted in light of the Texas general 2-year Statute. The Texas Wrongful Death Statute is Art. 4671 in Vernon's Civil Statutes of Texas, published in 1952, and that Wrongful Death Statute was last amended by the Acts of 1921, page 212. The Texas 2-year Statute of Limitations is found in Art. 5526 of the same edition of Vernon's Statutes, and it was last amended in the Acts of 1852, page 128. The Texas

Survival of Action Statute is Art. 5525 of the same edition of Vernon's Statutes, and it was last amended by the Acts of 1927, page 356. So both the Wrongful Death Statute and the Survival of Cause of Action Statute, were adopted in the light of the Texas 2-year Statute of Limitations; and, while the 2-year Statute is not "built into" either of the other Statutes, each is certainly based on the foundation of the Texas 2-year Statute. I think what Mr. Justice HOLMES said in *Davis* v. *Mills*, 194 U. S. 451, 48 L. Ed. 1067, 24 S. Ct. 692, has application here:

"But the fact that the limitation is contained in the same section or the same statute is material only as bearing on construction. It is merely a ground for saying that the limitation goes to the right created, and accompanies the obligation everywhere. The same conclusion would be reached if the limitation was in a different statute, provided it was directed to the newly created liability so specifically as to warrant saying that it qualified the right."

I cannot follow the majority in its reasoning that a cause of action arising under the Texas Statute (in which State there is a 2-year limitation period) can still be enforced in Arkansas after two years even when the Arkansas Statute at the time of the mishap — July 1, 1954 — was a 2-year Statute. If the cause of action had been prosecuted in Texas it would have been governed by the Texas 2-year Statute : if the cause of action had originated in Arkansas it would have been governed by the then existing Arkansas 2-year Statute. But, by taking a Texas cause of action and bringing it to Arkansas, the majority is allowing the plaintiff to get a longer period of limitations than would have been allowed under the law of either State. I cannot follow such reasoning, because I cannot envisage a greater period of limitation to exist than was allowed by the law of either State at the time of the mishap.

II. *Nonsuit.* The majority opinion did not reach the nonsuit question because the suit was filed in Ouachita County, Arkansas two years, six months, and sixteen days after the traffic mishap and, on a holding that the cause of action was governed by the 3-year Statute, the majority

found it unnecessary to discuss the question of nonsuit. But under my view a discussion of the Nonsuit Statute is **vital.**

As heretofore stated, the cause of action occurred in Texas on July 1, 1954. On June 11, 1956 (within the 2-year period) Nelson, Administrator, brought action against Eckert, Administrator of the Crumpler Estate. This suit was brought in the Circuit Court of Greene County, Arkansas. The question of venue was raised because neither the defendant, Eckert, nor his deceased, Crumpler, ever lived in Greene County; and, since the cause of action arose in Texas, our Act No. 314 of 1939 had no application under the holding of *Chambers* v. *Gray,* 203 Ark. 858, 158 S. W. 2d 926. When the question of venue was raised the Greene Circuit Court dismissed the suit for want of venue on August 13, 1956. Within one year thereafter the present suit was filed in Ouachita Circuit Court. The appellants claim that the filing of the suit in Greene Circuit Court interrupted the 2-year Statute of Limitations and that the order of August 13, 1956 dismissing the case in the Greene Circuit Court was the same as a voluntary nonsuit and that under our Nonsuit Statute (§ 37-222 Ark. Stats.) the appellant had one year after the dismissal of the case in the Greene Circuit Court in which to file a new suit, even if the case were governed by the 2-year Statute.

In *Wilkins* v. *Wortham,* 62 Ark. 401, 36 S. W. 21, we held that in order to suspend the Statute of Limitations under the Nonsuit Statute the action must be *properly commenced;* and I am of the opinion that the action was not properly commenced when it was started in Greene County, which was entirely without venue. In *Sims* v. *Miller,* 151 Ark. 377, 236 S. W. 828, we said:

''The term 'proper county', used in the statute referred to above, has been defined to mean the county of defendant's residence or where the defendant may be served with process. 6 Words & Phrases,* 5689, 5690. Where such action is brought in a county other than that of defendant's residence, if the writ is not served, its issuance and placing

---

* 34A Words and Phrases, Proper County, p. 17.

in the hands of an officer does not constitute the commencement of an action so as to arrest the statute of limitation. The subsequent issuance of another writ and the service thereof constitutes a new action.''

Cases to like effect are *Cherry* v. *Falvey,* 188 Ark. 827, 68 S. W. 2d 98; *Goodyear* v. *Meyer,* 209 Ark. 383, 191 S. W. 2d 826; and *Burks* v. *Sims,* 230 Ark. 170, 321 S. W. 2d 767. In view of these cases cited I am of the opinion that the action in Greene County did not interrupt the running of the 2-year Statute and, therefore, the entire cause of action was barred when it was filed in Ouachita County.

Therefore, I would affirm the judgment of the Circuit Court. The Chief Justice joins in this dissent.