ALDAY and EVANS *versus* JAMISON.

QUESTIONS IN THIS CASE.

*As to the right of action upon a promissory note, by the bearer.*

*As to averments of diligence, as against the maker.*

1. The holder of a promissory note, into whose hands it goes by delivery, after several indorsements, cannot maintain an action thereon, in his own name, against the first indorser, the payee, on the evidence of the paper alone; though such action be commenced in a Justices court.

2. The words, "used the legal means to try to collect out of the maker," of a note, is not a sufficient averment of the necessary diligence to bind an indorser.

The action was originally commenced before a justice of the peace, on a note drawn in favor of Alday or bearer, and by him endorsed to one Burnett, and subsequently endorsed by Wells and Stokes.— Jamison having become possessed of the note, as bearer, brought his action to recover the amount thereof from Alday, as the original endorser. The note was due and payable on the first November, 1828; and Jamison instituted his suit on the thirteenth of April, 1830. The magistrate rendered judgment against the defendant Alday; and the case was subsequently taken into the County Court of Wilcox, by certiorari, where judgment, as on demurrer, was had for the plaintiff, Jamison.

The cause was argued by *Porter,* for the plaintiffs in error, and by *Mr. Aikin,* for the defendant.

ALDAY and EVANS *vs.* JAMISON.

On the part of the plaintiff in error, it was con-tended—

First—That there was no sufficient declaration filed in the cause, on which judgment could be ren-dered.

Second—That the plaintiff below, was not enti-tled to his action, there being no privity of contract between him and the payee of the note : and the lat-ter not liable to Jamison, as an indorser. Aikin's Digest 330, §15.

SAFFOLD, C. J.—The main question presented by this case is, whether the holder of a promissory note, to whom the same has been transferred by delivery, merely, from the indorsee, can, on the evidence of the note and indorsement alone, sustain an action against the indorser? Such is the case presented by this record. The declaration, or concise statement of the ground of action, as in cases of appeal from the judgment of a justice of the peace, discloses these facts.

It is deemed sufficient to say, that, in legal con-templation, there is no privity between these parties: on the evidence of the paper alone, no cause of ac-tion, against the indorser, in the name of the holder, by verbal assignment. Could he recover, against the indorser, it could only be by instituting the suit in the name of the indorsee, for his use. The cir-cumstance of the suit having originated before a jus-tice, does not vary the principle, that it must be in the name of the proper parties.

It is true, as contended in argument, that the de-claration is defective in other respects; in not stating

3 v. P. 15

the facts constituting the diligence used, to make the money out of the payor of the note, instead of the averment that the plaintiff had "used the legal means to try to collect out of the maker." This is an inference or conclusion of law, which the party was not authorised to make; it was a matter necessary to be submitted to the Court, on an averment of the facts relied upon to establish the requisite diligence.

On either, or both these points, the judgment must be reversed; and as the former appears fatal to the action, it is supposed unnecessary to remand.