# Smith *v.* Gayle.

## *Trespass Vi et Armis.*

1. *Plea; what insufficient.*—A., H. and S. jointly commit a trespass on lands forming the homestead of the former owner, at that time held by the widow by virtue of her dower and quarantine rights, and oust the widow, who brings an action for such trespass. Subsequently she files a bill in chancery against H. and A. for dower and quarantine in said lands, and in such suit recovers judgment against them for about four thousand dollars. In consideration of three thousand dollars, the widow releases H. from all liability for the trespass, reserving in said release the right to enforce the balance of the decree against Armstrong, who pays it : *Held*—That these facts constitute no bar to her action for the trespass and ouster against S., when her complaint contains no claim for rents and profits of the land; and a plea setting up these facts in bar is bad on demurrer.

APPEAL from Bullock Circuit Court.

Tried before Hon. HENRY D. CLAYTON.

This was an action of trespass, commenced by the appellee, Amaranth L. Gayle, against the appellants, James Q. Smith and Thomas W. Armstrong, for a trespass upon and an ouster of appellee from certain lands in Lowndes county, Alabama. The complaint originally claimed damages for rents and profits of the lands mentioned, but was amended by striking therefrom all claim for such rents and profits. The defendants separately pleaded the general issue, and also a special plea, setting up " that the trespass and griev-

[Smith v. Gayle.]

ances mentioned in the complaint were committed, if at all, by these defendants jointly with one John W. Harper, and that the ouster and trespass mentioned in the complaint whereby the said plaintiff was deprived of the rents, incomes and profits of said premises, was one and the same act and trespass, and not several trespasses, and that after the commission of said trespass, the plaintiff elected to sue the said John W. Harper and the defendant, Thomas W. Armstrong, in the Chancery Court of Lowndes county for a part of her damages caused by said trespass and ouster, and now claimed in the complaint in this cause, to-wit : for the rents, incomes and profits of said premises for all the time from the date of said trespass to the hearing of said cause, and that the plaintiff in said cause recovered a large sum, to-wit, the sum of four thousand dollars, for and on account of said rents and profits, and that said recovery has been paid since the commencement of this suit by the said John W. Harper and Thomas W. Armstrong." A demurrer to this plea was sustained. There was also a special plea averring the joint commission of the trespass by Harper and the defendants, and setting up that since the commission of the trespass the plaintiff, " for and in consideration of three thousand dollars to her in hand paid by the said John W. Harper, released and discharged the said Harper from all liability whatever to her for said trespass, and reserved in such release and discharge only the right to assert and recover in any proceedings at law or otherwise from said defendant, Thomas W. Armstrong, the difference between said sum of three thousand dollars and the amount of the decree, which the plea then averred had been since paid by Armstrong. The release to Harper is made an exhibit to the plea, and after releasing Harper from all liability on account of the trespass, contains the following clause : " It is expressly understood and agreed, as part of this agreement, that nothing herein contained is intended to operate so as to prevent the said Amaranth L. Gayle from asserting or recovering in any suit or proceedings at law or otherwise from said Armstrong the difference between said sum of three thousand dollars and the amount of said judgment recovered by her against said Harper, this settlement being intended to operate for the benefit of and as a complete discharge of said John W. Harper, and not for the benefit of any other person or persons." A demurrer to this plea was also sustained.

On the trial, the plaintiff introduced testimony showing that she was the widow of Matt. Gayle, who died seized and possessed of the lands described in the complaint, which constituted his residence and the plantation adjoining there-

[Smith v. Gayle.]

to at the time of his death ; that the plaintiff continued in possession of the premises from the death of said Gayle up to the time of the trespass and ouster mentioned in the complaint, and that up to that time no dower had been assigned to her. There was evidence tending to show that shortly after the death of her husband, James Q. Smith, as attorney for John W. Harper, had commenced a suit against tenants upon said lands for their recovery ; that no suit against the plaintiff for possession had been commenced ; that judgment was recovered against said tenants who were sued, and a writ of possession was placed in the hands of the marshal, who, under instructions from Smith as attorney for Harper, took possession of the premises, including the dwelling in which plaintiff was then residing, and delivered the same to the defendant, Armstrong, as the agent of said Harper, and who was present aiding and assisting the marshal in the ouster, and it appeared in evidence that the foregoing trespass and ouster was the one for which the defendants were sued in this cause. The defendant then offered to prove by competent evidence for that purpose, that after the commencement of this suit, the plaintiff had instituted a suit in the Chancery Court of Lowndes county, against Harper and Armstrong, for dower in said lands, and for rents and profits of her dower and quarantine interest in said lands, and in said chancery suit had recovered a judgment for over four thousand dollars on account of her dower and quarantine rights in said lands, and that afterwards, in consideration of three thousand dollars paid by Harper, the plaintiff had released him from all liability for or on account of said trespass, and that since the last continuance Armstrong had paid the balance due on said judgment. At the time of offering to make proof of the foregoing facts, the defendants stated to the court that the object of the evidence was to show that by reason of said release to Harper, and said payment by Armstrong, that the plaintiff could no longer maintain this action for damages. The court refused to permit such proof to be made, and defendants excepted. There was a verdict in favor of defendant, Armstrong, and one in favor of plaintiff as against Smith for fifteen hundred dollars. Smith appeals, assigning as error the rulings on the pleas and the refusal to admit the testimony offered.

GUNTER & BLAKEY, and RICE, JONES & WILEY, for appellants.

WATTS & SONS, and D. S. TROY, contra.

[Smith v. Gayle.]

BRICKELL, C. J.—The rulings of the court on the demurrers to the pleas, and in the rejection of evidence, present the same questions—the operation and effect of the release given Harper by the appellee, and of the subsequent payment by Armstrong of the balance of the decree of the Court of Chancery for rents and profits during his occupancy of the premises, before the assignment of dower to the appellee. When the case was before this court at a former term, it was decided the release to Harper did not operate as a bar to the action. Its effect was partial satisfaction only of the damages claimed; and the only right the appellant could assert, was an application of the sum paid by Harper, in extinguishment of the damages incurred by the detention of the premises from the appellee. This effect was accorded to it by the appellee, by striking from her complaint all claim for rents and profits, converting the action into a demand of damages for the tortious entry upon the premises and her expulsion, in which Harper is not shown to have participated.

The subsequent payment by Armstrong was in compromise or settlement of his liability on the decree of the Court of Chancery for rents and profits, which were not an element of the damages claimed by the appellee in her amended complaint; and she had reserved her right to proceed against the appellant for damages for the wrongful entry upon and her expulsion from the premises. The payment was received in *part satisfaction* only, not in *entire satisfaction*. The intention of the parties would be defeated if it was allowed to operate as *entire satisfaction*, and it has long been the rule of courts to keep releases of causes of action, and satisfaction of them, within the terms of the agreement of parties, giving them no other effect than that which they intended.—*Burke v. Noble*, 48 Penn. 168. There is no error in the rulings of the Circuit Court, and the judgment is affirmed.

STONE, J., not sitting.