## *Ex parte* Hubbard.

### *Petition for Discharge on Habeas Corpus.*

1. *Habeas corpus; what is revisable by.*—Under our statutes (Code, §§ 4961-2), as at common law, the writ of *habeas corpus* is not a revisory remedy, and can not be made to answer the purposes of an appeal, *certiorari*, or writ of error : when a judgment or sentence of another court is returned, as the cause of the petitioner's detention or imprisonment, the jurisdiction of the court to render that judgment or sentence is the only matter that can be inquired into, and mere errors or irregularities in the proceedings are not available.

Application by petition by Jim Hubbard, for the writ of *habeas corpus,* to procure his discharge from custody and imprisonment by the chief of police of the city of Montgomery, under a judgment and sentence pronounced by the mayor's court ; application having been first made to Hon. THOMAS M. ARRINGTON, judge of the City Court of Montgomery, who refused to discharge the petitioner.

JNO. GINDRAT WINTER, for the petitioner.

BRICKELL, C. J.—The return to the writ of *habeas corpus* shows, as the cause of the relator's detention and imprisonment, a judgment of the mayor's court of the city of Montgomery, convicting him of violating an ordinance of the city council, punishing the knowingly bringing stolen property into the city, sentencing him to pay a fine of one hundred dollars, and, in default of payment, to one hundred days of hard labor for the city. A writ of *habeas corpus,* issued by any court or judge, in the exercise of original jurisdiction, was not at common law, and is not under our statutes, a revisory remedy—it is not, and cannot be employed, to answer the purposes of a writ of error, or of *certiorari,* or appeal. The only inquiry which can be made into the judgment and sentence of conviction of another court, returned as the cause of detention, and in justification of it, is into the *legality* of the judgment—the jurisdiction of the court render-

ing it.   There can be no inquiry into its *regularity* :   error in
the proceedings it is not the function of the writ to correct.
Hurd on *Habeas Corpus*, Book 2, chap. 6, 324, *et seq.*, 2d ed. ;
The principle is embodied in the statute.—Code of 1876,
§§ 4961–2 ;   *Ex parte Burnett*, 30 Ala. 461 ; *Ex parte Sim-
mons*, 62 Ala. 446 ; *Kirby v. State, Ib.* 51.

The authority of the city council to enact the ordinance
which the relator is charged with having violated, and its
regular enactment, were admitted on the hearing before the
judge of the City Court ; and there is no room for doubt, in
reference either to the power, or the regularity of its exercise.
Original jurisdiction to try and convict, imposing the penal-
ties to which the relator was subjected, is conferred on the
mayor's court by the charter.   It can not be doubted that
the judgment and sentence of conviction returned by the
marshal, would afford him full justification, if the relator
was suing him for false imprisonment ; nor can it be read in
connection with the charter of the city, and the ordinances,
and doubt entertained that, in its rendition, the mayor's
court was exercising jurisdiction with which it was clothed.
Behind and beyond it we must look, even for error or irreg-
ularity : it is not discoverable on the face of the judgment
and sentence.   Error, or irregularity, may exist ; but, if it
exists, it cannot be inquired into *collaterally* : it can not ren-
der void and annul the sentence and judgment a court of
competent jurisdiction has pronounced.   Finality, conclusive-
ness, verity, is the attribute of every judgment of a court
of competent jurisdiction, collaterally assailed.   The court
rendering it, in relation to other courts, may be a court of
inferior, as distinguished from a court of superior jurisdic-
tion ; it is *jurisdiction*, the power and duty to hear and
determine, and not the relation to other courts, which, upon
every consideration of public policy, imparts inviolability,
when drawn in question collaterally.— *Ex parte Watkins*,
3 Pet. 193.

Whatever in the course of the proceedings resulting in the
conviction of the relator, now imputed as vitiating them,
was of regularity, not of legality ; determinable in the first
instance by the mayor's court ; and when determined, the
determination is conclusive, until a superior tribunal, in a
direct proceeding, pronounces the determination erroneous.
If a superior tribunal, on a return to a *habeas corpus*, issuing
in the exercise of its original jurisdiction, should inquire into
the correctness of the determination, it would do the wrong
now imputed to the mayor's court—it would exceed its juris-
diction.

The judgment of the City Court was right and proper—the

[Schmidt & Smith v. Joseph and Wife.]

only judgment it could render; and the application of the relator must he refused.