70 So.2d 827

## CONWAY v. MATTHEWS.

### 8 Div. 351.

Court of Appeals of Alabama.

March 3, 1954.

Clark E. Johnson, Jr., Albertville, for appellant.

Marion F. Lusk, Guntersville, for appellee.

HARWOOD, Judge.

The complaint below contained seven counts.

Count 1 claimed $275 for work and labor done.

Count 2 was in special assumpsit, and claimed $275 due as a broker's commission under a contract made between the plaintiff

and defendant, the terms of the contract being set forth in the count.

Counts 3, 4, 5, 6, and 7 were respectively common counts claiming $8.80 due for money paid out by plaintiff for defendant at his request; for money received by the defendant to the use of the plaintiff; for money due under an account; under an account stated; and for money paid by plaintiff for the defendant.

At the conclusion of the plaintiff's evidence the court, at the request of the defendant, gave to the jury two charges, affirmative in nature. The jury returned a verdict in favor of the defendant consonant with such given charges, and judgment was entered pursuant to such verdict.

The plaintiff's motion for a new trial being overruled he perfected his appeal to this court.

The evidence presented by the plaintiff below was to the effect that on 20 March 1952, he and the defendant entered into a written contract whereby he was appointed exclusive agent to sell a certain piece of real estate owned by the defendant in Marshall County.

The sale was to be by auction to the highest bidder, for cash.

The defendant agreed to pay the costs of advertising, and a commission of 5 per cent of the sale price.

The contract further provided that it might be terminated at the end of 30 days from its date.

The plaintiff testified that he and the defendant first agreed to hold the auction on 10 April 1952, but finding another auction was already scheduled for that date they decided to hold their auction on 17 April 1952, one week later.

Thereupon the plaintiff had a wooden sign giving notice of the auction sale posted on the property, and also ran a notice thereof in the Albertville Herald. The cost of this publication was $8.80.

On 17 April 1952 the plaintiff and defendant went to the property for the purpose of conducting the auction sale. No prospective purchasers showed up at the time the sale was advertised. After about a 15 minute wait, according to the plaintiff, "we decided we would set it up a few days; and he said we would just try it privately a few days, and if we didn't contact somebody would give us a decent price for it we would readvertise it to sell it again."

The plaintiff further testified that two days later on 19 April 1952, a prospective purchaser offered to buy the property for $5500. Thereupon he called the defendant by telephone and had the following conversation:

"Mr. Matthews, I have got a fellow that has offered fifty-five hundred for that property. 'Well', he says, 'I got a bid today for that of fifty-five hundred.' I said, 'You did?' He said, 'Let us try a little bit to see if we cannot get them up a little.' I said, 'Well, we will try that.' "

Thereafter, on 21 April 1952 the plaintiff went to defendant's place of business and told him he was ready to readvertise and have another auction. The defendant then told him he did not want another auction, and that the contract had expired.

Thereafter the defendant sold the property to C. B. Moore, with whom the plaintiff had never talked.

■ The plaintiff's evidence thus shows that after the lapse of 30 days the defendant voided the written contract of 20 March 1952, as he had a right to do under the terms thereof. The services of the plaintiff were incomplete at this stage, and the defendant had the right, upon avoidance of the contract, to treat his relationship with the plaintiff as ended. Having done so, clearly no commission was due under the written contract. Gulf Trading Co. v. Radcliff, 216 Ala. 645, 114 So. 308. The court did not err in giving the affirmative charge as to count 2, which was in special assumpsit and based on the written contract of 20 March 1952.

If the plaintiff could recover any commission it must therefore be under count

1, the common count claiming $275 for work and labor done.

If recovery can be had under this count it must be on the oral agreement made on 17 April 1952, the written contract having been avoided before any services were completed thereunder.

This agreement, according to the plaintiff, was to the effect that: "We would just try it privately a few days, and if we didn't contact somebody (who) would give us a decent price for it, we would readvertise it, to sell it, again."

█ Under this agreement the plaintiff was not given any exclusive right to sell the property, but the clear implication is that both the plaintiff and defendant were to attempt to sell it. Even where an exclusive agency is given a broker, the owner may still sell the property without liability for commissions unless the broker has procured a purchaser ready and able to buy. See 8 Am.Jur.Sec. 192.

█ An owner may openly place his property with as many brokers as he desires, and is liable for a commission only to first one producing a purchaser ready and willing to buy, provided he has remained neutral as between the brokers. Ellison v. Sudduth Realty Co., 217 Ala. 337, 116 So. 333. Certainly, by analogy an owner, competing with a broker in the sale of his property, is entitled to the same rights.

█ At the time the plaintiff had produced a prospective purchaser the defendant had, through no help from the plaintiff, received an offer for the property equal to the offer of plaintiff's customer. No service had therefore been rendered by the plaintiff to the defendant who had every right to sell to the party who had made the equal offer to him prior to the communication by the plaintiff of the offer he had procured. This being so the plaintiff was not entitled to recover under count 1 and the affirmative charge in defendant's favor was properly given as to this count.

In view of the above conclusion we pretermit consideration of whether the oral agreement of 17 March 1952 to try and sell the property privately for a "decent price" constituted a contract enforceable in law or equity because of uncertainty of the term "decent price." See McCormick v. Tissier, 222 Ala. 422, 133 So. 22, where the term "right price" was held to preclude a broker from a commission where seller and purchaser would not agree on what was a "right price."

As before stated, the remaining counts were the common counts in various forms, each respectively claiming $8.80.

The basis of the claim represented by these counts was a payment by the plaintiff to the Albertville Herald for advertising the original auction sale.

In this connection the plaintiff testified that in May, he thought on 12 May 1952, finding the defendant had not paid the advertising bill to the newspaper, he paid it for him.

The record shows that this suit was filed on 16 May 1952.

No evidence was offered by the plaintiff tending to show that the defendant had not paid this debt at the time suit was filed.

It is of course necessary to allege in a common count that the amount claimed is due and unpaid. Whatever is necessary to be alleged must be proved to support the count. Landrum v. Brookshire, 1 Stew. 252.

█ Because of the lack of any evidence tending to show that the amount claimed under the common counts was due and unpaid at the time suit was commenced, the court was justified in granting the defendant's requested affirmative charges as to these counts.

Affirmed.