Goldie J. EDISON et al., Plaintiffs In Error,

v.

Charles T. LEWIS et al., Defendants in Error.

No. 37656.

Supreme Court of Oklahoma.

March 25, 1958.

Rehearing Denied May 27, 1958.

Miller, Jones & Tollefson, San Fernando, Cal., Fred V. Otto, Fred M. Black, Oklahoma City, for plaintiffs in error.

Reynolds & Ridings, by Keith McMillin, Oklahoma City, for defendants in error.

HALLEY, Justice.

This is an action to recover damages for wrongful death filed by Goldie J. Edison for herself and her minor children in the District Court of Oklahoma County, November 29, 1955, against Charles T. Lewis and others, individually and as part-

ners, doing business as Lewis Manufacturing Company. The defendants demurred to the amended petition of plaintiffs who elected to stand upon their amended petition and their case was dismissed. Plaintiffs have appealed. The parties will be referred to as they appeared in the trial court.

Plaintiffs alleged that on December 15, 1953, Edward L. Edison, husband of plaintiff, Goldie J. Edison, was killed in Ventura County, California, while working on an oil derrick; that he died as the result of a fall caused by a defective safety belt which was manufactured by defendants in Oklahoma City, Oklahoma, where defendants resided and continued to reside; that said defendants have never resided or been domiciled in California at any time since Edward L. Edison lost his life through the negligence of defendants, who sold and distributed the safety belts involved in the State of California; that the belt the deceased was using when he met his death was not only defective but the defect was a hidden one. The belt was sold to deceased's employer by the defendants.

The demurrer to plaintiffs' first amended petition was sustained upon the ground that under the California law an action for wrongful death must be brought within one year from the date of the death, and that this action was filed after the expiration of one year and that while the Oklahoma law for an action for wrongful death allows two years, the California law is applicable here. This action was filed in Oklahoma within the two-year statutory period allowed for such actions. Section 95, sub. par. 3 and Section 1053, 12 O.S.1951.

The plaintiffs submit two propositions as follows:

"Does the First Amended Petition of the plaintiffs state facts sufficient to constitute a cause of action in favor of the plaintiffs and against the defendants?

"Is the plaintiffs' cause of action as alleged in their First Amended Petition barred by the Statute of Limitation?"

Section 377 of the California Code of Civil Procedure provides that when the death of an adult is caused by the wrongful act of another, the heirs of the deceased may maintain an action for damages. In the case before us the widow and minor children have joined as plaintiffs under this section of the California Code. This section contains no limitation for the commencement of such an action.

Plaintiffs contend that since proper parties are named, the right of action established and the proper basis of negligence alleged, which are admitted for the purpose of defendants' demurrer, a general demurrer should not have been sustained. Section 377, supra, also provides for a wrongful death action by or against personal representatives and that the court shall determine what damages may be given and to whom, and that actions brought by personal representatives under Section 956 of the California Civil Code may be joined with a suit brought under the terms of Section 377.

Under proposition II it is pointed out that defendants allege that this action is barred by the California statute of limitations as provided in Sections 335 and 340, of their Code of Civil Procedure, which are as follows:

"§ 335. Periods of Limitation Prescribed. The periods prescribed for the commencement of actions other than the recovery of real property, are as follows: * * *

"§ 340. One year.

"Within one year: * * *

"3. * * * An action * * * for the death of one caused by the wrongful act or neglect of another, * * *."

Defendants claim that the above quoted sections, 335 and 340, are the sole and controlling sections of the California Code of Civil Procedure applicable to death actions filed under Section 377, supra.

■ The plaintiffs argue that their cause of action for wrongful death is still extant in California because of the tolling provisions of their code and therefore it may be brought in Oklahoma. We think that this is a valid argument and is sustained by their authorities. However, we believe that the same is immaterial here for the reason that the law of the forum prevails in this case. This action, as was said, was filed in Oklahoma within two years from the time the alleged wrongful death occurred. It seems well settled that "Ordinarily, with respect to limitation of actions, the law of the forum governs" and we quote further from 53 C.J.S. Limitations of Actions § 27:

"Statutes of limitation are generally considered as municipal regulations founded on local policy, which have no coercive authority abroad, and with which foreign jurisdictions have no concern, and hence the general rule is that in respect of the limitation of actions the law of the forum governs, regardless of where the cause of action arose, or of whether or not the action would be barred in the state in which it arose, and irrespective of the residence of the parties at the time the cause of action accrued. * * *"

The Supreme Court of California has not passed squarely on the question of whether the wrongful death action is remedial or goes to the substantive right but the question was determined in Wohlgemuth v. Meyer, 139 Cal.App.2d 326, 293 P.2d 816, 819, which is a decision by the District Court of Appeal, First District, Division One of the State of California. That court, after a somewhat comprehensive statement on the subject, said:

"Thus it is clear that California does not follow the restrictive general rule but the more reasonable and logical one that the limitations on actions for wrongful death are procedural and not substantive."

Since that is the case, the law of the forum (Oklahoma) prevails and the suit is brought in time in this State.

Defendants cite Gochenour v. St. Louis-San Francisco Ry. Co., 205 Okl. 594, 239 P.2d 769, as sustaining their position. With that we do not agree. In that case the cause of action arose in Missouri and Missouri holds that its wrongful death statute is a substantive right and that actions for wrongful death under its version of the Lord Campbell's Act must be brought in the time specified in the Act.

We do not deem it important in this case but we adopted the more liberal view as to the wrongful death statute in Brookshire v. Burkhart, 141 Okl. 1, 283 P. 571, 67 A.L.R. 1059, and expressly overruled Kerley v. Hoehman, 74 Okl. 299, 183 P. 980, 8 A.L.R. 141, which held that the two-year limitation in our wrongful death statute is a proviso or condition imposed upon the exercise of the right of action granted and not a statute of limitations.

We think the statement in 25 C.J.S. Death § 28, is applicable and which is:

"* * * Where, however, the statute under which the action is brought contains no special limitation, or where the limitation contained therein is construed as relating only to the remedy and not as a condition of the right itself, the applicable statute of limitations of the forum governs. * * *"

The California statute, section 377, heretofore mentioned, contains no special limitation.

The judgment of the trial court sustaining defendants' demurrer and dismissing plaintiffs' action is reversed with directions to overrule defendants' demurrer.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.