190 So.2d 710

**J. E. MORENO**

v.

**MAY SUPPLY COMPANY.**

1 Div. 337.

Supreme Court of Alabama.

Oct. 6, 1966.

Jas. R. Owen, Bay Minette, for appellant.

Inge, Twitty, Duffy & Prince, Mobile, for appellees.

SIMPSON, Justice.

The appellant, who was the plaintiff below, filed the following complaint, with exhibit attached, to which defendants' demurrers were sustained. Plaintiff took a nonsuit and appealed. The only question before us is the propriety of the court's action in ruling on the demurrer.

## COUNT ONE

"The plaintiff claims of the defendants the sum of Four Thousand Dollars ($4,000.00) due from the defendants as damages for the breach of a written agreement by the defendants entered into by and between the plaintiff, a licensed real estate broker of the State of Alabama, and the defendants on to-wit, December 30, 1964, under the terms of which the defendants appointed the plaintiff exclusive agent to sell certain real property owned by the defendants at 523 South Baylen Street, Pensacola, Florida, and promised to pay to the plaintiff a real estate commission of ten percent (10%) on the gross amount of any sale, agreement to sell, or exchange, or any one of them that may be negotiated during the existance of the said agreement, in consideration of the promise of the plaintiff to use diligence in procuring a purchaser of the said property, if the said property was sold during the period of 180 days from the date of the said agreement. A copy of the said agreement is attached hereto marked Exhibit 'A' and made a part hereof as though fully incorporated herein. Plaintiff further avers that in accordance with his agreement with the said defendants, he as such real estate broker, diligently advertised the said real property and used his best efforts to secure a purchaser for the same for the defendants and notwithstanding the plaintiff's efforts and without his knowledge the said defendants did sell or exchange the said property to H. D. Kingston, Sr., who is one and the same person as the defendant, H. D. Kingston, for a gross consideration of Forty Thousand Dollars ($40,000.00). Plaintiff further avers that the said agreement was in full force and effect on the date of the said sale to H. D. Kingston, Sr., to-wit April 2, 1965, and the said defendants have failed and refused and continue to fail and refuse to pay to the plaintiff his commis-sion according to the said agreement, hence this suit."

## EXHIBIT A
## SALE AUTHORITY

"In consideration of your promise to use diligence in procuring a purchaser, I, the undersigned, appoint you exclusive agent to sell my real property as described below:

"Our real property at 523 So. Baylen Street, Pensacola, Fla. which is more specifically described in the deed at a price of Sixty Thousand Dollars ($60,-000.00) or at any other lower price or terms acceptable to me.

"I agree to pay you a cash commission of 10% on the gross amount of any sale, agreement to sell, or exchange, or any one of them that may be negotiated during the existence of this contract.

"I further agree that if said property is sold or exchanged by me after the expiration of this contract and within a period of six months to anyone to whom you have previously offered it, I agree to pay you the above stipulated commission.

"I hereby authorize you to accept a deposit to be applied on the purchase price.

"This contract shall continue 180 days and from then on until revoked by either party giving 10 days notice in writing to the other.

"Minimum commission charge is $50.00 for any sale.

"I hereby agree to furnish an owner's guaranty of title, or a complete abstract of title down to date of sale, and to convey a merchantable title by a warranty deed in the event you procure a purchaser for the property. Public improvement assessments, if any, are to be paid by me.

"You are hereby authorized to place a 'For Sale' sign on the said property and advertise it as necessary."

■ The court did not err in sustaining the demurrer to this complaint. There are several cases holding that "* * * where an exclusive agency is given a broker, the owner may still sell the property without liability for commissions unless the broker has procured a purchaser ready and able to buy". Conway v. Matthews, 37 Ala.App. 513, 70 So.2d 827; Erswell v. Ford, 205 Ala. 494, 88 So. 429; 8 Am.Jur., § 192. The complaint fails to allege that the plaintiff produced a purchaser of any kind, and there is a complete lack of allegation to the effect that he has procured a purchaser ready and able to buy. We must construe the complaint against the pleader when properly tested by demurrer. Loudonville Milling Co. v. Davis, 248 Ala. 202, 27 So.2d 6.

■■ Further, we think there is a distinction between an exclusive agency and an exclusive right to sell conferred by contract. This principle is discussed fully in an annotation found at 88 A.L.R.2d 940, where it is noted:

"The ordinary rule is that an owner is precluded from selling the property himself while bound by a contract granting the broker an *exclusive right to sell*— for a term at least—as distinguished from contracts granting merely an exclusive agency, which are universally recognized to preclude, at most, the sale of property through another broker. * * *

"The basic principle implied by the tenor of virtually all the cases within the scope of this annotation is that the inherent right of an owner of real property to sell it himself is retained even during the term of employment of a broker or agent to sell it or produce a buyer for him, unless the broker's contract in some way or other imposes liability upon the owner for such a sale, either expressly or by the grant to the broker of such exclusive right as the

court may deem necessarily implies such liability." (Emphasis supplied).

We find no such liability imposed in the contract sued upon.

The judgment appealed from is affirmed.

Affirmed.