199 So.2d 643

Maxine ROAN

v.

ASSOCIATES DISCOUNT CORPORATION.

I Div. 371.

Supreme Court of Alabama.

June 1, 1967.

Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellant.

Engel & Smith, Mobile, for appellee.

SIMPSON, Justice.

Appellant filed a suit claiming damages for slander of title. The demurrer to the one-count complaint was sustained. The count was amended three times, and each time the demurrer thereto was sustained. Finally, plaintiff-appellant took a nonsuit and this appeal followed.

We are precluded from reaching the legal question involved in this cause on account of the assignments of error. No. 1 charges that the court erred in sustaining defendant's demurrer to the original complaint; No. 2 charges that the court erred in sustaining the demurrer to complaint as first amended; and No. 3 charges error in the sustaining of the demurrer to the complaint as amended the second time and in sustaining the demurrer to the complaint as amended the third time.

The order of the court granting the motion for a nonsuit was granted "on account of the adverse rulings of the Court on the pleadings in this cause, with leave to appeal".

Our nonsuit statute, Tit. 7, § 819, Code 1940, provides:

"If, from any ruling or decision of the court on the trial of a cause, either upon pleadings, admission or rejection of evidence, or upon charges to the jury, it may become necessary for the plaintiff to suffer a nonsuit, the facts, point, ruling or decision may be reserved for the decision of the appellate court by bill of exceptions or by appeal on the record as in other cases."

In reviewing the action of a trial court on an appeal from a judgment of nonsuit, we are limited to a consideration of only such rulings of that court as culminated in and superinduced the taking of the nonsuit. Poole v. William Penn Fire Ins. Co., 264 Ala. 62, 84 So.2d 333; Calvert Fire Ins. Co. v. Maddox, 38 Ala.App. 194, 82 So.2d 277; cert. den. 263 Ala. 698, 82 So.2d 280.

The recitals of the judgment as to the cause of the nonsuit is conclusive, and if the judgment entry does not specify with particularity the ruling or rulings necessitating the nonsuit, this court must for itself determine, within the recitals of the judgment, just what was the ruling or rulings which obstructed plaintiff's right to proceed in his effort for recovery. Authorities, supra.

We have consistently held that where a demurrer to a count is sustained and that

count is later amended and a demurrer sustained to the amended count, and a nonsuit is taken, the action of the trial court in sustaining the demurrer to the original count is not before us for review, and we are without authority to review it. The reason for the rule is that if the plaintiff had desired a decision upon the question presented on demurrer to the original complaint, he could have declined to plead further after the demurrer to the original complaint was sustained, and in this way, have presented to us, by way of an appeal from a nonsuit, that question for review. Cauble v. Boy Scouts of America, 250 Ala. 152, 33 So.2d 461; Mullins v. Alabama Great Southern Ry. Co., 239 Ala. 608, 195 So. 866; Alabama Great Southern Ry. Co. v. H. Altman & Co., 191 Ala. 429, 67 So. 589; Calvert Fire Ins. Co. v. Maddox, 38 Ala.App. 194, 82 So.2d 277.

 Here the complaint, consisted of only one count. When the demurrer to the original count or complaint was sustained, plaintiff could have taken a nonsuit and appealed. But she chose to amend. Therefore, the sustaining of the demurrer to the original count did not superinduce the nonsuit and that question, raised by assignment of error No. 1, is not before us.

The same reason prevents us from reviewing assignment No. 2 because plaintiff amended the complaint again after the demurrer was sustained to the complaint as first amended.

We note that the rule stated in Lewis v. Haynes, 266 Ala. 564, 98 So.2d 52 [2], and cases there cited, has no application here. That rule has been applied only in multi-count cases or where more than one plea or replication was involved.

Assignment of error 3 reads:

"The trial court erred in sustaining Defendant's demurrer to Count One of Plaintiff's amended complaint as filed June 17, 1965, and in sustaining Defendant's demurrer to Count One of Plain-

tiff's amended complaint filed October 25, 1965. (Amended complaint of June 17, 1965—Tr. p. 21; Amended complaint of October 25, 1965—Tr. p. 22; Defendant's demurrer of December 17, 1965— Tr. p. 27)".

 Since assignment of error No. 3 charges error in more than one ruling of the court and there being no merit to the first stated contention, the assignment presents nothing for review.

There being no merit in any of the assignments of error, the judgment of the trial court must be affirmed.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.