274 So.2d 281

**Versie BATTLES**

v.

**PIERSON CHEVROLET, INC., et al.**

**SC 102.**

Supreme Court of Alabama.

Feb. 22, 1973.

Burns, Carr & Shumaker, Gadsden, for appellant.

Inzer, Suttle, Inzer & Pruett, Gadsden, for appellee Pierson Chevrolet, Inc.

London, Yancey, Clark & Allen, Birmingham, for appellee General Motors Corp.

PER CURIAM.

This is an appeal from a judgment of nonsuit taken by the plaintiff below because of certain adverse rulings of the trial court on pleadings.

The suit was filed in the Circuit Court of Jefferson County on April 17, 1970, by Versie Battles, as mother of George Battles, deceased, against Pierson Chevrolet, Inc., a corporation, and General Motors Corporation, a corporation.

Mrs. Battles sought to recover damages for the death of her twenty-two-year-old son, who died in the State of Georgia as a result of injuries which he sustained in an automobile accident which occurred on a public highway near Harlem, Georgia, on November 26, 1968. George Battles at the time of the accident was driving a 1969 Chevrolet manufactured by General Motors and "co-purchased" by George and the plaintiff from Pierson Chevrolet, Inc., one of General Motors' retail dealers in Etowah County, Alabama.

The plaintiff amended her complaint by adding Counts 4 and 5 and by withdrawing all other counts. Plaintiff later amended her complaint by adding Count A. The defendants each interposed a plea captioned "Plea Five," to which the plaintiff demurred.

The two concluding paragraphs of the judgment of the trial court here under review show those rulings of the court which culminated in and superinduced the taking of the nonsuit. Roan v. Associates Discount Corporation, 281 Ala. 100, 199 So.2d 643. Those paragraphs read:

"On this the 26th day of June, 1972, came the parties by their attorneys, and in open court, plaintiff elects to, and moves the court for a nonsuit, with notice in open court of an appeal by reason of the action of the court in overruling plaintiff's demurrer to Plea Five of each defendant as an answer to the sole counts in the present complaint, namely, Counts Four and 'A,' separately and severally; and for the further action of the court, on November 23, 1970 in sustaining demurrer of defendants to Count Five of plaintiff's complaint; and said motion for a nonsuit having been fully considered and understood by the court,

"It is ordered and adjudged by the court that said motion be, and the same is granted and this cause is dismissed; all costs herein accrued are taxed against plaintiff for which execution may issue."

■ The judgment of nonsuit is sufficient to support an appeal although it is usual for such judgment entries to contain the words "let the defendant go hence." We have held that such is the legal effect of a judgment containing substantially the language of the judgment here under review. Anderson v. Howard Hall Company, 278 Ala. 491, 179 So.2d 71, and cases cited.

The parties will be designated as plaintiff and defendants, according to the position they occupied in the trial court.

Counts Four and A charge the defendants with negligence. The demurrers interposed to those counts were overruled; consequently, the sufficiency of those counts is not before us.

Plaintiff does complain of the action of the trial court in sustaining the demurrers interposed separately by the defendants to Count Five. [See Appendix]

Count Five will be set out in the report of the case.

■ In Count Five plaintiff seeks to show a cause of action "for the homicide or wrongful death" of her twenty-two-year-old son based solely on the alleged breach of an implied warranty made in Alabama and breached in Georgia, according to the averments of the count when it is construed most strongly against plaintiff, as they must be construed when assailed by demurrer. Atkins v. Wallace, 273 Ala. 210, 137 So.2d 750; Thompson Tractor Co. v. Cobb, 283 Ala. 100, 214 So.2d 558; Harper v. Talladega County, 279 Ala. 365, 185 So.2d 388; Moreno v. May Supply Co., 280 Ala. 157, 190 So.2d 710.

Plaintiff, in Count Five, does not seek recovery under § 123, Title 7, Code of Alabama, our appropriate so-called homicide or wrongful death statute. Her cause of action in that count is based on the Georgia homicide or wrongful death statute, but the Georgia statute is not properly pleaded. There are grounds in the demurrer of each defendant taking that point.

■ The judgment sustaining the separate demurrers of the defendants was general, merely sustaining the demurrers without specifying any one of the numerous grounds assigned. If any ground of the demurrers interposed separately by the defendants was good, the judgment sustaining the demurrers must be affirmed. Shannon v. Wisdom, 171 Ala. 409, 55 So. 102; Buettner Bros. v. Good Hope Missionary Baptist Church, 245 Ala. 553, 18 So.2d 75.

We will refer to some of our cases which tend to support the statement above that the Georgia "homicide or wrongful death" statute is not properly pleaded in Count Five.

In Forsyth v. Preer, Illges & Co., 62 Ala. 443, Mr. Chief Justice Brickell, writing for the court, said:

"The general rule of pleading in equity, and at common law is, that when a party claims a right, whether as ground of relief, or as a matter of defense, under a foreign law, he must, by appropriate pleading, set out the law, so that the court can see the right claimed falls within it. Cochran [Cockrell] v. Gurley, 26 Ala. 405; Gunn v. Howell, 27 Ala. 663 [62 Am.Dec. 785]; Cubbedge, Hazelhurst & Co. v. Napier, MSS. [62 Ala. 518]. *If the statute of Georgia would affect the validity of the note and mortgage, it is pleaded too generally to be available to the appellants.*" (Emphasis supplied) (62 Ala. 446)

Mr. Chief Justice Stone wrote to like effect in Lomb v. Pioneer Savings & Loan Co., 96 Ala. 430, 11 So. 154.

For other cases with similar holdings see Tatum v. Commercial Bank & Trust Co., 193 Ala. 120, 69 So. 508; Stoer v. Ocklawaha River Farms Co., 223 Ala. 690, 138 So. 270; Dawson v. Dawson, 224 Ala. 13, 138 So. 414; Equitable Life Assur. Soc. of United States v. Brandt, 240 Ala. 260, 198 So. 595; Hall v. Proctor, 242 Ala. 636, 7 So.2d 764; Brotherhood of R. R. Trainmen Ins. Dept. v. Pemberton, 38 Ala.App. 647, 93 So.2d 797, cert. denied, 265 Ala. 694, 93 So.2d 801. Also see 134 A.L.R., p. 577; 22 Alabama Lawyer, p. 24; 24 Alabama Lawyer, pp. 364 et seq.

■ We hold that the trial court did not err in sustaining those grounds of the demurrer which took the point, in effect, that Count Five does not show that a cause of action for wrongful death based upon breach of warranty can be maintained under the laws of Georgia.

It follows from what has been said above that the judgment sustaining the demurrers to Count Five is due to be affirmed. It is so ordered.

We do not wish to be understood as holding that other grounds of the demurrers interposed to Count Five were or were not well taken. We see no occasion to deal here with the other grounds.

The remaining question for our consideration is whether plaintiff has shown on this appeal that the trial court erred to a reversal in overruling plaintiff's demurrers interposed separately to identical pleas filed separately by the defendants. The pleas read:

"PLEA FIVE. For answer to the complaint and to each count thereof, this defendant says that the death of the plaintiff's son, for which she sues, occurred 26 November 1968, in the State of Georgia, and that this action was commenced 17 April 1970; that the substantive law under which the plaintiff's cause of action arose is the law of the State of Georgia and that the statutes of that state creating causes of action for the death of humans (being Chapter 105–13 of the Georgia Code, a copy of which is hereto attached as an exhibit to this plea and which is expressly incorporated herein in its entirety) do not contain, as an integral part thereof, a period of limitation upon the bringing of such an action, so that the period of limitation applicable thereto by the law of Georgia is the general limitation statute pertinent to personal injuries; that the action having been commenced in the State of Alabama, and not being prosecuted under the provisions of Title 7, Sections 25 and 123 of the Code of Alabama (1940) (Recomp.1958), the period of limitation applicable thereto is established by Title 7, Section 26 of the Code of Alabama (1940) (Recomp.1958) so that the action is, therefore, barred by the said statute of limitation."

There were ten grounds of demurrer addressed to each of the pleas. None of the grounds is specifically mentioned in plaintiff's brief. In Birmingham Trust & Savings Co. v. Currey, 175 Ala. 373, 57 So. 962, Mr. Justice Sayre, after pointing out that the sufficiency of both pleas was questioned on that appeal, wrote for the court:

". . . However defective these pleas may be, we are to consider only that ground of objection to them taken in the court below and *renewed here as a reason for reversal.* Something is said in the brief to the effect that material facts are averred in the way of recital only, but we think the criticism may be said to be hypercritical at best, *and we find nothing of it in the demurrer. . . ."* (Emphasis supplied) (175 Ala. 382, 57 So. 964)

■ It is well established by the decisions of this court that grounds of demurrer not adequately argued in brief will be considered as waived. Blount Bros. Const. Co. v. Rose, 274 Ala. 429, 149 So.2d 821; Southern Ry. Co. v. Sanford, 262 Ala. 5, 76 So.2d 164.

It is difficult to relate plaintiff's argument in brief to any ground of the demurrer, but it seems to us that the argument made comes closer to being in support of Ground 9 than any other ground or grounds. Ground 9 reads:

"There is no allegation that the case law of the State of Georgia does not provide a 2-year period of limitation when the same is pleaded in the complaint."

The defendants' pleas numbered Five, one of which is set out above, were assigned to Counts Four and A, the negligence counts. Those pleas take the position that the Alabama statute of limitation of one year (§ 26, Title 7, Code 1940) is a bar to both of those negligence counts.

Ground 9 of the demurrer was, no doubt, directed to the pleas numbered Five because of certain language included in the opinion of this court in the case of Mullins v. Alabama Great Southern R. Co., 239 Ala. 608, 195 So. 866, which language will be hereinafter italicized. That case involved an action for wrongful death based upon the laws of Georgia, but prosecuted in the courts of this state. The plaintiff appealed to this court from a judgment of

nonsuit rendered after the trial court had overruled his demurrer to the defendant's plea setting up the Alabama statute of limitation of one year as a bar to the action. In upholding the action of the trial court, this court said in part as follows:

"As heretofore pointed out the Georgia statute prescribed no duration of time within which the action should be brought, *and the decisions of the Supreme Court of Georgia holding that such actions are not barred in a less period than two years not being pleaded*; and the limitation of two years fixed by our statute being expressly confined to actions brought under Sections 5695 and 5696 [§§ 119 and 123, Title 7, Code 1940], we must perforce resort to our general limitation law to determine when such an action as is here presented is barred." (Emphasis supplied) (239 Ala. 611, 195 So. 869)

We do not think that the language italicized above, and similar language found elsewhere in the *Mullins* opinion, *supra*, should be considered as a holding by this court that if the decisions of the Supreme Court of Georgia had been properly pleaded, this court would have arrived at a different conclusion. It has been said: "It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision." Osaka Shosen Kaisha Line v. United States, 300 U.S. 98, 57 S.Ct. 356, 358, 81 L.Ed. 532; State ex rel. Wilkinson v. Murphy, 237 Ala. 332, 186 So. 487.

 The general rule, long accepted by most of the courts of this country for determining the statute of limitations to be applied in such cases as the *Mullins* case and the case at bar is to the effect that where a wrongful death occurs outside of the state in which the action is brought, the statute of limitations of the state where the action is brought controls unless the homicide or wrongful death statute where the accident occurred has a built-in statute of limitations. In that event, the statute of the state where the accident occurred is generally held to control. Larue v. C. G. Kershaw Contracting Co., 177 Ala. 441, 59 So. 155; Nelson v. Eckert, 231 Ark. 348, 329 S.W.2d 426; Sherley v. Lotz, 200 Va. 173, 104 S.E.2d 795; Edison v. Lewis (Okl.), 325 P.2d 955; McDaniel v. Mulvihill, 196 Tenn. 41, 263 S.W.2d 759.

We see no reason why there would have been a different result in the *Mullins* case, *supra*, if the Georgia homicide or wrongful death statute had been properly pleaded, since that statute did not limit the duration of the time within which the right granted thereunder had to be exercised.

 But that question aside, the Georgia statute has not been properly pleaded to pleas numbered Five. True, the plaintiff in her Counts Four and A sought to negative the existence of the defensive matter brought forward in pleas numbered Five or to anticipate such defensive matters. But this court has held that the complaint should not anticipate the defense and in doing so it violates a plain rule of pleading. Even where the complaint states a good cause of action, if it anticipates an expected defense it is liable to demurrer. Meharg v. Alabama Power Co., 201 Ala. 555, 78 So. 909. The proper way to have pleaded the Georgia "case law" was by special replication to Pleas Five and not by demurrer. Ellis v. Black Diamond Coal Mining Co., 268 Ala. 576, 109 So.2d 699.

We hold that reversible error is not made to appear on this appeal in connection with the action of the trial court in sustaining the defendants' demurrers to Count Five and in overruling the plaintiff's demurrer interposed to the pleas numbered Five filed by each of the defendants.

We conclude that the judgment of the trial court is due to be affirmed. It is so ordered.

In view of the special concurrence of Mr. Justice Faulkner, it is deemed advisable to emphasize the fact that this appeal does not present the question as to whether the breach of an implied warranty is a "wrongful act, omission or negligence" within the meaning of our statutes which give a right of action for wrongful death. Sections 119, 123, Title 7, Code of 1940. Since this important and complex question is not presented to us on this appeal, we do not think that we should deal with it by way of gratis or obiter dictum. The courts of other states which have dealt with the question are in disagreement. In some instances, the decisions have turned on the language of the particular homicide or unlawful death statute.

Our affirmance of the trial court's action sustaining the demurrers interposed to Count Five of the amended complaint is based solely on the ground that said Count does not properly set out the law of Georgia upon which plaintiff bases her right to recover. In addition to the cases heretofore cited in support of that holding, we call attention to the case of McDougald's Adm'r. v. Rutherford, 30 Ala. 253, wherein it is written:

"* * * If then the declaration be good, it must be made so by the pleading of the Georgia law. It is indispensable to the maintenance of the declaration that the averment of the Georgia law should show that the facts set forth impose a legal liability upon the defendant, according to that law. The declaration does not state what the law of Georgia is, or was, but states a conclusion as to the effect of the law, and as to the rights and liabilities of the parties under the law. The mode of pleading here is not distinguishable from that in the case of Cockrell and wife v. Gurley, 26 Ala. 405; and we refer to that decision, as a conclusive authority upon the point. See also, Alday v. Jamison, 3 Port. 112. The demurrer to the declaration ought to have been sustained and the court erred in overruling it."

We are unable to relate all that is said in the dissenting opinion of Mr. Justice Jones to the holdings in this majority opinion. These holdings are that the trial court did not err in sustaining the demurrers of the defendants to Count Five of the amended complaint or in overruling the plaintiff's demurrer interposed to the pleas numbered Five filed by each of the defendants. Thus, we will not undertake to analyze the dissenting opinion in all its aspects.

A few observations, however, appear to be in order.

If we correctly understand the dissent, it does not contend that our holding to the effect that the Georgia law was not well pleaded is not in accordance with previous holdings of this Court.

The author of the dissent is apparently disenchanted with all of the adjective law in effect at the time this case was tried at nisi prius and, consequently, does not agree with the many cases cited in this opinion in support of the trial court's action in sustaining the demurrers of the defendants to Count Five of the amended complaint. This Court should not reverse the judgment the trial court rendered in exact compliance with the law in force and effect at the time of the rendition of the judgment.

The foregoing opinion was prepared by Thomas S. Lawson, Supernumerary Associate Justice, and adopted by the Court as its opinion.

Affirmed.

MERRILL, COLEMAN, HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.

FAULKNER, J., concurs specially.

JONES, J., dissents.

HEFLIN, C. J., not sitting.

## APPENDIX

## COUNT FIVE

The plaintiff claims of the defendants the sum of ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS damages for that heretofore on, to-wit: the 11th day of November, 1968, she and her 22 year old son, George Darrel Battles, for a valuable consideration co-purchased in Etowah County, Alabama, from the defendant Pierson Chevrolet, Inc., a new 1969 Chevrolet automobile which was manufactured by the defendant General Motors Corporation, and plaintiff avers that on said occasion and prior thereto the defendant Pierson Chevrolet, Inc. was one of the retail dealers of the defendant General Motors Corporation. The bill of sale for the said automobile was made to the plaintiff, and both the plaintiff and her said son signed the conditional sales contract for the said automobile as co-purchasers. And plaintiff avers that her said son had the use and possession of the said automobile, and the said automobile was to be used for personal, family or household purposes. Plaintiff avers that there was an implied warranty by the said defendants that the said automobile was merchantable and fit for the ordinary purposes for which such an automobile is used, to-wit: to be driven on public highways. Plaintiff avers that the said automobile was used by her said son for driving on the public highways and that said implied warranty was breached in that the steering mechanism of the said automobile was defective and the defendants knew or in the exercise of reasonable diligence should have known that the said automobile was not merchantable and was not fit for the ordinary purposes for which such an automobile is used and was not fit to be used for driving on the public highways. And plaintiff avers that while being driven on a public highway near Harlem, Georgia, to-wit: U.S. Highway #78 at or near a point 2.5 miles East of the city limits of Harlem, Georgia, on to-wit: the 26th day of November, 1968, the steering mechanism of the said automobile malfunctioned or broke and proximately caused the said automobile being driven by the plaintiff's son on said public highway to run into the side of a truck also being driven on said highway at said time and place, and as a proximate consequence of the said unmerchantability and breach of said implied warranty the plaintiff's said son was so grievously injured in said accident that he died, for all of which plaintiff claims damages, and plaintiff avers that notice of the breach of the said implied warranty was given the defendants within a reasonable time by certified mail, return receipt requested. And plaintiff avers that George Darrel Battles, deceased, was her son and was killed in the State of Georgia. She further avers that under the laws of the State of Georgia, the mother of a child, whether the child is sui juris or not, may recover for the homicide or wrongful death of her child, and is entitled to recover the full value of the life of her dead child, which is defined as the full value of the life of the decedent, as shown by the evidence, without deduction for necessary or other personal expenses of the decedent had he lived. She further avers that there is a two year limitation of action for wrongful death under Georgia law.

FAULKNER, Justice (specially concurring).

I wish it clear that in my judgment there is a cause of action in Alabama for breach of warranty resulting in death. In defining damages for breach of warranty, the Alabama Commercial Code, § 2–714, states:

"Damages in an action for injury to the person include those damages ordinarily allowable in such actions at law."

Narrow construction of this provision so as to allow recovery for non-fatal, but not for fatal injury, would defeat the legislative intent. See Title 7A, § 1–106, Code of Alabama 1940 (Recompiled 1958). It would bring back from the legal history

museum the moribund doctrine distinguishing fatal from non-fatal injury, and rewarding a tortfeasor who does not merely injure, but kills his victim. The purveyors of defective vehicles, exploding products, botulinous food, contaminated blood transfusions, and leaking gas heaters would be given every incentive, if they did not dispatch their victims right away, to hope for a delayed result as the latter lie injured in the hospital with large potential claims. The death of these citizens injured by defective products would free those responsible from any liability whatever. Such a situation existed in Alabama many years ago before our legislature passed wrongful death acts. Its revival within the boundaries of our modern Commercial Code would be intolerable.

I construe "wrongful act, omission or negligence" in our wrongful death statutes as inclusive of breach of warranty. Greco v. Kresge Co., 277 N.Y. 26, 12 N.E.2d 557, 115 A.L.R. 1020 (1938); Uppgren v. Executive Aviation Services, 326 F.Supp. 709 (D.Md.1971)

In *Greco* the plaintiff sued as administrator under the New York Wrongful Death Act which allowed an action to recover for a death caused by a "wrongful act, neglect or default" to recover damages for the death of his wife. Her death was alleged to have resulted from the eating of infected pork sausages purchased from defendant. Plaintiff's suit was based on the theory of implied warranty imposed by statute that the food was fit for human consumption.

The court pointed out that prior to the creation of the action of assumpsit, the remedy for breach of warranty was an action on the case for deceit, and that an action for breach of warranty was still in some respects a tort action. The court declared:

"Violation of a duty owing to another is a wrongful act; breach of contract involving violation of duty may be likewise a wrongful act. Here, the duty rested on defendant to see, at its peril, that the food was fit for human consumption and it is based on considerations of public health and public policy [Citation omitted.] Though the action may be brought solely for the breach of the implied warranty, the breach is a wrongful act, a default and, in its essential nature, a tort." 277 N.Y. at 34, 12 N.E.2d at 561.

The court concluded as follows:

"[T]he breach of the warranty in a case such as this was a 'default' or 'wrongful act' within the meaning of those terms as used in the statute not only as a matter of definition but within the clear legislative intent." Id. at 35, 12 N.E.2d at 561.

Returning to the case before us, the complainant cannot recover. She is trapped between the proverbial rock and hard place; the Scylla and Charybdis created by the respective Alabama and Georgia restrictions. Although, as indicated, I believe the complaint states a cause of action in Alabama, plaintiff has no standing to bring the action because she is not one of the parties enumerated in Title 7, §§ 119 and 123 as a proper plaintiff in wrongful death. She is neither the mother nor personal representative of a minor, nor the personal representative of a testator or intestate. Under Georgia law, on the other hand, she has standing (Georgia Code, Title 105, § 1307), but no cause of action under the substantive law of the state, which apparently does not allow recovery for death caused by breach of warranty. Lovett v. Emory University, Inc., 116 Ga.App. 277, 156 S.E.2d 923 (1967); Horne v. Armstrong Products Corp., 416 F.2d 1329 (5th Cir. 1969). Therefore the demurrer to the warranty count was properly sustained.

The counts in negligence were barred by the trial judge's application of the Alabama one-year statute of limitations (Title 7, § 26). This ruling appears to be supported by the case authority. Larue v. Kershaw Co., 177 Ala. 441, 59 So. 155

(1912); Mullins v. Alabama Great Southern R. Co., 239 Ala. 608, 195 So. 866 (1940).

For these reasons only I concur in the affirmance of the judgment below.

JONES, Justice (dissenting).

I respectfully dissent. As a preface to a rather strong expression of my views, a word of admonition may be appropriate. Were the reader to interpret the following remarks as criticism of the author or members of the Court constituting the majority in this case, he would commit grievous, even unforgivable, error. If, on the other hand, these remarks were construed as ridiculing our system of common law pleading, I would agree "with every word at my command."

In the waning days of common law pleading in this state, the majority opinion has succeeded in proving the system's ultimate futility and demonstrated irrefutably, it seems to me, the absolute necessity for its long-overdue demise. Look with me, if you will, at the court's application of the rules of common law pleading to the plaintiff's complaint.

It states: first, the Georgia law is not well pleaded. This assertion proceeds on on the premise that she must plead the Georgia wrongful death act for the reason that the Alabama wrongful death act has no extraterritorial effect; second, even if pleaded, the statute of limitations averment should have awaited the replication; third, but if such statute were pleaded by replication, this would be an attempt (here unauthorized) to invoke the procedural law of Georgia and not that of Alabama; fourth, the death, not being brought under the death act of Alabama, our two-year wrongful death statute of limitations cannot apply; and, finally (completing the circle), even if the Georgia statute of limitations could have been pleaded properly, it wasn't; and, consequently, plaintiff is out of court.

Having reached such a pinnacle of hopeless confusion, we can at least take comfort in the knowledge that the burial day for Alabama common law pleading is rapidly approaching. As one last reverent gesture, I propose the following epitaph:

Here lie the remains of a system of pleading,
Conceived at common law—nutured in ages succeeding.
Begot as a servant, it grew to be the master;
May it rest in peace and be forgotten hereafter.

If ever it served the purpose intended,
No one now questions from the way it ended,
Of all man's attempts to cast it aside,
Death finally came by suicide.

Foolishness aside, look at the result reached by the majority opinion which involves issues beyond mere pleading. A suit is brought in Alabama by an Alabama citizen against Alabama citizens (the foreign corporate defendant having qualified to do business in Alabama) for damages for the death of an Alabama citizen (her son) based on warranty made and breached (allegedly) in Alabama. The only fact connected with this case that occurred outside Alabama is the fact of death in Georgia—an incident of travel, merely.

Under these facts, the court has applied the Alabama omnibus statute of limitations (one year) to bar the action. The one-year statute applied is the only statute of limitations in Alabama or Georgia that has nothing to do with either (1) wrongful death under Georgia law (two years), (2) wrongful death under Alabama law (two years), or (3) breach of warranty under Alabama's Commercial Code (four years).

The thrust of my dissent can be brought into focus by a consideration of the plaintiff's plight. If she went to Georgia to sue, she would not be able to obtain service of process on at least one of the defendants and she would be faced with Georgia's

interpretation of their UCC which disallows recovery for death based on breach of warranty.

If, instead, she brought her action in Alabama, she must ride the other horn of the same dilemma—our wrongful death statute is not available because her deceased son just happened to be in Georgia when the breach (allegedly) resulted in his death.

Faced with this imperfect choice, she elected the latter; and our wrongful death act's "non-extraterritorial effect" doctrine caused her to ground her Alabama claim (based on breach of warranty) under the Georgia wrongful death act. Query: Is she by virtue of this fact bound by Georgia's interpretation of Georgia's UCC as it relates to Georgia's wrongful death act? I submit that an affirmative answer to this question produces a strange anomaly. This amounts to saying that we will not give our own death act extraterritorial effect, but where one of our own citizens sues in Alabama on a warranty made and breached in Alabama, and invokes the Georgia wrongful death act to give her standing to pursue her remedy, we will then accord Georgia law extraterritorial effect to test the gravamen of plaintiff's claim; i. e., whether she can maintain a death action in Alabama based on a warranty that was neither made nor breached in Georgia.

The law of Alabama (in this instance, the UCC) became an integral part of the contract (warranty of merchantability); and I fail to see how the law of Georgia can be applied to, or made a part of, the contract since the Georgia law could not have been within the contemplation of the parties at the time the contract was entered into (time of sale). It is too elementary to support with precedents that the rights and obligations of parties are fixed at the time the contract is entered into. As stated in Goodrich on Conflicts at page 222, the rule is:

"Substantial matters concerning the performance of a contract which bear upon the obligations of the parties and their discharge, pursuant to the conditions imposed by the contract or in subsituation therefore, are governed by the law of the state most substantially related to the contract."

By what stretch of the imagination could it be supposed that the law of Georgia had anything to do with the warranty agreement in this case?

To illustrate the utter absurdity of the legal fiction of our "non-extraterritorial effect" doctrine, suppose the plaintiff's son in the case was returning to his military station at Fort Benning, and while crossing the Chattahoochee River Bridge, the steering mechanism of his new car became disengaged and his car plunged into the river, and it was determined that he died by drowning after his body was discovered 20 miles downstream. Plaintiff's rights (not her right of recovery, mind you, but her right to maintain the suit under Alabama law) would hinge upon a determination of whether her son's death occurred to the east or to the west of the center line of the channel of the river.

There are only two ways to deal with such a legal fiction: (1) abolish it, and establish in its stead a rule of reality and reason, or (2) create a counter fiction to avoid the harsh result of the first one.

I prefer the former, but in this instance I would indulge the latter since the plaintiff was not given the option to pursue her remedy under our wrongful death act in view of this court's prior adoption of the "non-extraterritorial effect" doctrine. Having indulged the plaintiff's right to invoke the Georgia wrongful death act, I would promptly limit its application to provide the remedy merely, i.e., give her a standing to sue for the death of her son.

I would then follow the lead of a series of cases reported and annotated in 95 A.L. R. beginning at page 1162, particularly the reported case of Marshall v. Geo. M. Brewster & Son, 37 N.J. 176, 180 A.2d 129, 95 A.L.R.2d 1153, which held that where the highest court of the situs (Pennsylva-

nia) had determined that its own built-in statute of limitations was strictly procedural, the law of the forum for comparable action (wrongful death) will be looked to in testing the time within which the suit is to be brought. The New Jersey Supreme Court had no difficulty in rejecting the argument, made here by appellees, that where the suit is not brought under the wrongful death act of the forum, then the period of limitation, as prescribed by that act, has no application.

Citing cases from New York and Texas to the same effect, the holding of the New Jersey Supreme Court is summarized in 22 Am.Jur.2d, §§ 282, 803, as follows:

"Since the one-year restriction in the Pennsylvania death act has been construed by the Pennsylvania courts as a procedural bar to the remedy only and not as a condition to the cause of action, an action thereunder filed in New Jersey after expiration of that period may be maintained, where it is filed within the 2-year period set forth in the *comparable* New Jersey act." [Emphasis added.]

I would further hold that the gravamen of the ·plaintiff's action (wrongful death based on breach of warranty) is not controlled by the law of Georgia; but instead, we should look to our own substantive law. In order to avoid repetition, I adopt the concurring opinion of Mr. Justice Faulkner on this point (allowing recovery for breach of warranty) and add the comment: "Right as rain—sound as hickory."

I submit that the issue in this case *ought* to be: Did the buyer (plaintiff's son) die as the result of a breach of warranty on the part of the manufacturer and/or seller? The method (procedure) of raising and presenting this issue is important, and indeed, an indispensable part of the system; but procedure should serve as the handmaid of justice, not as a barrier to that end.

The old adage—"You can't win for losing"—may apply in gambling halls and race tracks, but should never be given a field of operation in the halls of justice.

More apt is the maxim: "Where there is a wrong, there is a remedy."

I would hold that the trial judge erred in sustaining the defendants' demurrer to the warranty count.