FAULKNER, Justice.
This is an appeal from an order denying Webb’s motion for a new trial and directing a verdict in favor of Ramsey in an action brought by real estate agent Webb to recover commissions for (1) the sale of real estate and (2) for obtaining a lease on a separate piece of property. We affirm.
In September, 1978, G. D. Webb talked to Jeanette Ramsey at her home. Initially they discussed Mr. Webb’s finding a lessee for some real property owned by Ms. Ramsey, and she agreed to a minimum price term of $600.00 a month with a ten percent commission for Mr. Webb, a total of $660.00 a month. Mr. Webb stated that he had a lessee ready, willing and able to lease the property and that Ms. Ramsey owed him a commission, even though the lease was never consummated. There was conflicting evidence that Ms. Ramsey stated to Mr. Webb at the first meeting that any lease agreement would have to be approved by her lawyer. Be that as it may, Ramsey did not sign the lease, and she did not accept the terms of the lease. •
At that same meeting, Mr. Webb and Ms. Ramsey discussed the sale of another tract of land, but they did not discuss a commission agreement at that time. Mr. Webb placed a “For Sale” sign on the property displaying his name and phone number. Ms. Ramsey contacted her tenants and told them that Mr. Webb might show the property to prospective buyers. Ms. Ramsey subsequently sold the property herself to an adjoining landowner. Mr. Webb asserted *903 that an adjoining landowner called him concerning the property, but he didn’t remember the caller’s name. He stated also that he had found another buyer for the property-
The trial judge granted Ramsey’s motion for a directed verdict at the close of evidence on the issue of a commission for the sale of the real estate. The jury returned a verdict in favor of Ramsey on the issue of a commission for obtaining a lease on the separate piece of property. The trial judge denied Webb’s motion for a new trial.
The owner of real property who employs a broker to sell it or produce a buyer for it retains the right to sell the property himself unless the broker’s contract in some way or other imposes liability upon the owner for such a sale. The contract may impose the liability either expressly or by the grant to the broker of such exclusive right as the court may deem necessarily implies liability. Moreno v. May, 280 Ala. 157, 159, 190 So.2d 710, 712 (1966) (quoting Annot., 88 A.L.R.2d 940 (1963)). We find no such liability imposed in the present case.
The following are excerpts from the trial transcript which formed part of the record on appeal:
Mr. Radney: “The fact that she sold it, before you sold it for her, she had the right to do.
Mr. Webb: “She had the right to do.
Mr. Radney: “Mr. Webb, I apologize for repeating, I am confused, maybe the Jury is not. Since you did not have the exclusive listing on the two acres to sell, the owner had a right to sell it herself.
Mr. Webb: “That’s right.
Mr. Radney: “She had a right to do that, and your answer is that you are not entitled to a commission there, is that correct?
Mr. Webb: “That’s right.”
(R. 149-52).
Because of the admission of Webb that he was not entitled to a commission, the jury could not have returned a verdict in his favor. Even assuming arguendo that there was a breach of contract, Webb introduced no evidence or testimony of what would be a reasonable commission. The parties never discussed a commission agreement or fee with respect to the sale property. They agreed on a ten percent commission for the lease property, but these were two separate transactions. Webb failed to provide evidence from which a jury could form a basis for determination of damages. The law is settled that where by the undisputed evidence the plaintiff has not shown that he is entitled to recover on a complaint, the trial court may direct a verdict for the defendant. Cox v. Howard Hall Co., Inc., 289 Ala. 35, 37, 265 So.2d 580, 581 (1972).
Webb also alleges that the jury verdict concerning the property for lease is palpably wrong and manifestly unjust. After a careful review of the record in this case, we are convinced that the evidence in the record amply supports the judgment entered on the jury verdict. The evidence shows that, as to the lease, there was never a meeting of the minds of Webb and Ramsey. The only term they ever agreed to was the commission—10%. We cannot say that the judgment appealed from is clearly wrong and manifestly unjust.
AFFIRMED.
TORBERT, C. J., and ALMON, EMBRY and ADAMS, JJ., concur.